IMMEGART V. GORGAS ET AL.

1. **Tax Deed**: PLEA OF NON-ASSESSMENT: CONSTITUTIONAL LAW. The provisions of Section 784 of the Revision do not apply to the case of one resisting a tax deed upon the ground that the land embraced in the deed was not assessed. In so far as that section makes the deed conclusive evidence of the *fact* of assessment, it is unconstitutional. Following *McCready v. Sexton*, 29 Iowa, 356.

2. ——: ASSESSMENT: DESCRIPTION. The deed is not conclusive of the manner of the assessment in such sense as to cure indefiniteness in the description upon the assessor's books, and identify the land sold as that assessed.

3. ——: ——: FORM OF TRACT. A description in the assessment as six acres will, in the absence of proof to the contrary, be regarded as six acres in the form of a square.

*Appeal from Lee District Court.*

MONDAY, OCTOBER 25.

ACTION in equity to quiet plaintiff's title to certain real estate in Lee County, Iowa, which plaintiff claims under a tax sale and deed for the delinquent taxes of 1869, the said deed describing the land conveyed as the southeast corner of the northeast quarter of section 21, in township 65, north, range 5 west, being six acres.

The plaintiff, in a supplemental petition, alleges that on the 20th day of August, 1874, the treasurer of Lee county executed and delivered to plaintiff a deed for the unpaid taxes of the year 1869, to certain real estate described as follows:

"Six acres in the southeast corner of the northeast quarter of section 21, township 65 N., range 5 W., bounded as follows, to-wit: beginning at the south corner of the northeast quarter of said section 21, T. 65 N., R. 5 W.; thence north 7 chains and $7\frac{1}{8}$ links; thence west 8 chains and 48 55-100 links; thence south 7 chains and $7\frac{1}{8}$ links; thence east to the place of beginning."

The answer denies that plaintiff is the owner of the real estate in question; alleges that the tax deed attached to the

original petition does not describe any property sufficiently to identify it; and that it is void, that the taxes on the whole of the south-half of the northeast quarter of section twenty-one, township sixty-five, range five, were paid for the year 1869, and that the property described in the tax deed of August 20, 1874, was not assessed for taxes for the year 1869, except as the south half of the northeast quarter of said section.

Upon the trial the plaintiff's petition was dismissed. He appeals.

*Howell & Anderson*, for appellant.

A tax deed is conclusive evidence respecting the time and the manner of the assessment, etc. (*Power v. Fuller*, 30 Iowa, 476; *Hurley v. Powell*, 31 Id., 64; *Rima v. Cowan*, 31 Id., 125; *Bulkley v. Callanan*, 32 Id., 465; *Ware v. Little*, 35 Id., 237; *Rhodes v. Sexton*, 33 Id. 540.) An imperfect description, but one calculated to inform the owner that his land has been assessed, will be regarded as sufficient. (Blackwell on Tax Titles, 2d ed., 136; *Stranch v. Shoemaker*, 1 Watts & Sergeant, 175; *Michew v. McCoy*, 7 Id., 390; *Dunden v. Snodgrass*, 6 Harris, 151.) The treasurer may make a second tax deed, when the first has not conveyed title. (*Finley v. Brown*, 22 Iowa, 538; *McCready v. Sexton*, 29 Id., 377; *Parker v. Sexton*, 29 Id., 421; *Gray v. Coan*, 30 Id., 536; *Bulkley v. Callanan*, 32 Id., 462.)

*W. B. Collins*, for appellees.

The tax deed is not conclusive evidence of the things essential to the exercise of the taxing power. (*McCready v. Sexton*, 29 Iowa, 389.) The description in the deed must be certain or it conveys no title. (Blackwell on Tax Titles, 3d ed., 127, *et seq.*) A deed is only *prima facie* evidence of sale and not conclusive. (*Rima v. Cowan*, 31 Iowa, 125; *Bulkley v. Callanan*, 32 Id., 465.) The treasurer has power to make a second deed only in the case of an informal or insufficient execution of the first. (*Bulkley v. Callanan, supra.*)

DAY, J.—I. It is claimed by appellant that the defendants cannot be permitted to question the title acquired by the treasurer's deed, because they have not shown that they, or the person under whom they claim title, have paid all the taxes due upon the property in controversy. Revision, section 784. Without undertaking to place a definitive construction upon this section, we are of opinion that it does not apply to, and does not inhibit the defense, or at least one of the defenses here insisted upon, to-wit: that the property described in the tax deed was not assessed for 1869.

<div style="float:left">1. TAX SALE: non-assessment: constitutional law.</div>

Under this section the deed is conclusive of the fact of assessment, and the person claiming title adverse to the title conveyed by the deed must show that the property was not subject to taxation, that the taxes had been paid, or that the property had been redeemed. These three defenses are all that this section recognizes, and respecting them the section provides that "no person shall be permitted to question the title acquired by a treasurer's deed without first showing that * * * * * * * * * all taxes due upon the property have been paid by such person or the person under whom he or she claims title." But in *McCready v. Sexton & Son*, 29 Iowa, 356, we held that the provisions of this section making the deed conclusive of the fact of assessment are unconstitutional. The effect of this decision is to superadd to section 784, other defenses which are available to the party asserting a title adverse to the treasurer's deed, one of which is that there was no assessment in fact. And as to these defenses, arising out of a construction of the statute, and not contemplated in section 784, we think the provisions of this section now under consideration do not apply. Whether they apply in any case to a party merely resisting a claim of title asserted under a tax deed, we do not determine.

II. The assessor's books show an assessment for the year 1869 to D. N. Gorgas, of the south-east corner, north-east quarter, section 21, township 65, range 5, 6 acres. It is claimed by appellant that this shows an assessment in fact, and that what pertains to the description

<div style="float:left">2. ——————: assessment: description.</div>

of the property affects merely the manner of the assessment, and that the deed is conclusive that the assessment was made in the proper manner. In this position we cannot concur. The question is, does the description of the property assessed cover the description of the property conveyed in the deed; in other words, has there been any assessment, in fact, of the property described in the second treasurer's deed, and in controversy?

III. We are now brought to a consideration of the main question involved in the case. The assessor's book shows an

3. ——: ——: assessment for the year 1869, to Daniel Gorgas, form of tract. of the south half, north-east quarter, section 21, township 65, range 5, 74 acres; and to D. N. Gorgas, another individual as shown by the book, of the south-east corner, north-east quarter, section 21, township 45, range 5, 6 acres.

Appellant claims that as the assessment is of six acres in the corner of a quarter section, owned by D. N. Gorgas, it is sufficiently definite and certain upon the principle that that is certain which may be rendered certain. But the trouble with this position is that appellant has not, in this case, furnished us the means of attaining this certainty. Whether this six acres, owned by D. N. Gorgas in the south-east corner of the north-east quarter of section 21, is a triangle, a square, or a rectangle; and, if a rectangle, what is its length and its width, we have no means of determining from the testimony. The plaintiff in fact claims, and his substituted deed describes, a rectangle, twenty-eight and two hundred and eighty-five thousandths rods wide, and thirty-three and nine hundred and fifty-two thousandths rods long.

But what authority the treasurer had for conveying six acres of such a length and width, rather than one forty-eight rods long and twenty rods wide, or of any one of the infinite intermediate lengths and widths, we cannot discover.

A description such as that contained in the assessment in question, in the absence of proof as to what six acres D. N. Gorgas owned, can apply only to six acres in the form of a square.

When the square form is departed from there is nothing to

regulate the width and length. And as there may be an infinite number of rectangles, but only one square, containing six acres, the law presumes, in order to give some effect to the description, and not to declare it void for uncertainty, that a square and not a rectangle was intended. Plaintiff can claim, therefore, under his substituted deed, so much of a square containing six acres as is included in said deed, which is a tract of land thirty and nine hundred and eighty-four thousandths rods long from east to west, and twenty-eight and two hundred and eighty-five thousandths rods wide. See *Morris' Adm. v. Stuart's Adm.*, 1 G. Greene, 375.

IV. The claim of appellee that the taxes upon the whole of the south half, north-east quarter, section 21, township 65, range 5, including the land in controversy, were paid for the year 1869, is not sustained by the proof. The tax list, construed together, shows that only seventy-four acres of it were assessed to Daniel Gorgas, and that upon that part alone the taxes were paid.

The plaintiff is entitled to a decree quieting his title to the tract of land before mentioned.

                                        REVERSED.