JUDD v. ANDERSON.

GOE v. HETHERINGTON ET AL.

1. **Tax Sale**: ERROR IN DESCRIPTION: EVIDENCE. Parol evidence is admissible, not for the purpose of adding to or varying the description c n-tained in a certificate of purchase, but of applying that description to its subject-matter.

2. ——: ——: ——. A tax deed cannot be made, however, to include lands which are not embraced in the description in the assessment.

*Appeal from Mahaska District Court.*

MONDAY, JUNE 9.

THE above cases are submitted together upon the same abstract. The plaintiff, M. A. Judd, claims of the defendant, Ira W. Anderson, seven hundred dollars on account of an alleged breach of warranty in the sale to the plaintiff of certain land described in the petition. The plaintiff, Bateman H. Goe, claims of the defendant J. E. Hetherington one hundred and fifty dollars and interest on account of certain damages paid by the C., R. I. & P. R. Co. to said Hetherington, for right of way over certain premises described by plaintiff in his petition, and which he claims to own. The defendants Ira W. Anderson and John F. Lacey were substituted in place of James E. Hetherington as defendants. They claim that they are the owners of the land upon which the damages in question were assessed, and that they were such owners at the time of the assessment; that said damages were paid over to them at the time of the assessment, and that plaintiff has no right thereto. All the land in controversy, in both actions, was originally owned by Bateman H. Goe or H. Bateman Goe, which names, it is conceded, refer to the same person. The defendant Ira W. Anderson claims that he acquired title to said land in virtue of a tax sale and deed for the

delinquent taxes of 1869 and 1870. The defendant Ira W. Anderson conveyed a part of said land to the plaintiff M. A. Judd, and an undivided one-half to the defendant John F. Lacey.

The real and only question in the two cases is as to the validity of the defendant Anderson's tax title. The court below held that the tax title was invalid, and rendered judgment in favor of the plaintiff Judd against the defendant Anderson for five hundred and forty dollars and costs, and in favor of the plaintiff Goe against the defendant Hetherington for one hundred and sixty dollars. The defendants appeal. The facts are stated in the opinion.

*John F. Lacey* and *Wm. Kennedy*, for appellants.

*M. E. Cutts*, for appellees.

DAY, J.—At the time of the assessment and sale for delinquent taxes in controversy Bateman H. Goe owned a tract of land described as follows: Commencing at the S. E. corner of the N. E. ¼ of N. W. ¼ of section 19, 75, 15; running thence west fourteen and sixty one-hundredths chains; thence north, fifteen degrees east, five and ninety one-hundredths chains; thence east thirteen and ten one-hundredths chains; thence south five and seventy-three one-hundredths chains to place of beginning, containing seven and nine hundred and thirty-six one-thousandths acres. It is plain from the foregoing description that the land owned by Goe is, in form, a trapezoid. It is situated in the south-east corner of the forty in question. It is twenty-two and ninety-two one-hundredths rods wide from north to south, fifty-two and four-tenths rods long on the shorter side, and fifty-eight and four-tenths rods long on the longer side. Goe owned no other land in the county.

In 1869 an assessment of real estate was made as follows: "Bateman H. Goe, E. ⅔ S. ½ S. ½ N. E. N. W. 19, 75, 15, seven and one-half acres; value per acre, forty dollars; value

1. TAX SALE: error in description: evidence.

of land, three hundred dollars." This description, it will be observed, also covers land situated in the south-east corner of the tract in question. If we discard from it the description as to the number of acres, it covers a tract twenty rods wide from north to south, and fifty-three and one-third rods long, almost identical with the land owned by Goe, and almost entirely included within it, containing six and two-thirds acres, or a little less than one and one-third acres less than the tract in fact owned by Goe. This assessment clearly authorized the sale of a tract of land in the S. E. corner of the N. E. $\frac{1}{4}$ of N. W. $\frac{1}{4}$ of section 19, 75, 15, twenty rods wide and fifty-three and one-third rods long, containing six and two-thirds acres.

In the certificate of purchase the land is described as follows: "Owner's name: B. H Goe. Description of property: S. E. part N. E. N. W. section 19, township 75, range 15; acres, seven and one-half." This description is equivalent to saying the seven and one-half acres owned by B. H. Goe, in the S. E. part of the N. E. $\frac{1}{4}$ of the N. W. $\frac{1}{4}$ of section 19, township 75, range 15. As it is admitted that B. H. Goe owned but one tract of land in the county, and that it was situated in the south-east part of the forty in question, the certificate of purchase contains the data for applying the description to the land in fact owned by B. H. Goe, and it covers so much of it as is embraced in the assessment.

Parol evidence is admissible, not for the purpose of adding to or varying the description contained in the certificate of purchase, but of applying that description to its subject-matter, and when it is shown that B. H. Goe owned one tract of land, and but one, in the N. E. $\frac{1}{4}$ N. W. $\frac{1}{4}$ 19, 75, 15, the description, the tract of land owned by B. H. Goe, in the S. E. part of the N. E. $\frac{1}{4}$ of the N. W. $\frac{1}{4}$ 19, 75, 15, is just as definite and certain as if the description in full had been written out in the certificate.

The doctrine that parol evidence is admissible for the purpose above indicated is recognized, at least impliedly, in

*Immegart v. Gorgas*, 41 Iowa, 439, and *Blair Town Lot & Land Co. v. Scott*, 44 Iowa, 143 (151). Many of the authorities cited by appellant sustain the admissibility of such evidence. Most of the cases cited by appellee are cases in which the description was incomplete and uncertain, and it was sought to add to it, by parol, by proof of the parish, range, addition and the like. It is very clear that such proof is not competent. One or two of the cases cited by appellee deny that the rules of evidence which apply in ordinary cases are applicable in cases of claims made under tax deeds. We see no reason for this distinction. The rules of evidence should be the same whatever the character of the conveyance in question. An instrument should, in all cases, be regarded as certain which points in itself to unmistakable means for attaining certainty.

The assessment and the sale authorize a conveyance to the purchaser of so much of the land owned by Bateman H. Goe as is actually included in the assessment. 2. ——: ——: —— The certificate of purchase was duly assigned to the defendant I. W. Anderson. A corrected treasurer's deed was executed on the 7th day of September, 1875. Before this deed was executed the property owned by Bateman H. Goe became known by the designation of lot No. 13. The deed to Anderson describes the property as "the S. E. part of N. E. ¼ of the N. W. ¼ of section 19, in township 75 north, of range 15 west, 5 P. M., Iowa, containing seven and one-half acres, and belonging to B. H. Goe." This description, as we have seen, is susceptible of being rendered certain by showing what land B. H. Goe owned in the south-east part of the forty in question, and that he owned no other, as is done by the admissions of the parties in the record.

In addition to the above designation, however, the deed declares that the property conveyed is now known as lot No. 13. It seems to us quite clear that the deed is sufficiently certain in its description to pass the property owned by B. H. Goe in said forty. It cannot, however, be effectual as a con-

veyance beyond the property actually assessed and included within that owned by Goe—little less than six and two-thirds acres. We are unable, from the abstract of title and the deeds introduced in evidence, to locate with exactness the land conveyed by the defendant to the plaintiff. There is a discrepancy between the copy of the deeds from defendant to plaintiff and from defendant to Lacey, and between each of these and the descriptions set out in the abstract of title, which has led to inextricable confusion. The point of commencement is described as two hundred and thirty-five feet east and one hundred and twenty feet south of the north-east corner of lot No. 12, of irregular surveys of section 19, township 75, range 15. Now, as we have not been furnished any evidence as to the location of lot No. 12, it is evident that we cannot determine the point of commencement.

The description in the deed to plaintiff, from the point of commencement, reads as follows: Thence south to the south side of lot No. 13; thence west one hundred and twenty feet; thence south (which should evidently be north) to a point west of the place of beginning. As we cannot determine, from the evidence before us, how far north of the south side of lot No. 13 the point of commencement is, we cannot determine the length of the tract, and its quantity is not described. For aught that the evidence shows it is all included within the six and two-thirds acres assessed to Goe and sold to the defendant Anderson.

The plaintiff, in order to recover, must show affirmatively that he has been damaged. In order to do this he must show that the land deeded to him by defendant is not included in that to which the defendant has established his title. In other words, the plaintiff must show what land the defendant deeded to him. He has not done this, and hence, under the evidence submitted, he is not entitled to recover. The same is true as to the plaintiff Goe. He does not show where the right of way for which he claims compensation is located. It may be situated entirely, or almost entirely, upon the land

sold to Anderson, and owned by him and the defendant Lacey. The judgment in both cases must be

REVERSED.

SEEVERS, J., having been of counsel, took no part in the decision of this case.