Barnhart v. State.

---

## JOHN W. BARNHART v. STATE OF NEBRASKA.

FILED APRIL 30, 1920.    No. 21324.

1. **Criminal Law: CHANGE OF VENUE: DISCRETION.** A motion for a change of venue in a criminal prosecution is addressed to the sound discretion of the trial court, and, unless there has been an abuse thereof, its ruling thereon will not be disturbed. *Goldsberry v. State*, 66 Neb. 312, followed.

2. **Judges: DISQUALIFICATION.** A complaint charging defendant with forgery was filed in Dodge county March 10, 1910, but no further action was taken thereon until June, 1919, when defendant was apprehended. The trial judge was county attorney of Dodge county in 1913 and part of 1914, when he became district judge. As county attorney he, *ipso facto*, represented the state in criminal prosecutions in said county, but during his term of office no action whatever was taken in this case. *Held*, under the provisions of chapter 22, Laws 1915, relating to disqualifications of judges, the trial judge was not disqualified to hear this case.

3. **Instructions examined, and found to contain no reversible error, and those requested were properly refused.**

4. **Forgery: SUFFICIENCY OF EVIDENCE.** Evidence examined, and *held* sufficient to sustain the verdict of the jury.

ERROR to the district court for Dodge county: FREDERICK W. BUTTON, JUDGE. *Affirmed.*

*Joseph E. Daly,* for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *C. L. Dort,* contra.

104 Neb.—34

DAY, J.

John W. Barnhart, hereinafter called the defendant, was convicted of forgery, and sentenced to the penitentiary under the provisions of the indeterminate sentence law of the state. He prosecutes error from this judgment, assigning a number of errors as a basis for a reversal of the case.

In March, 1910, a man, calling himself Henry G. Fisher, perpetrated a swindle by presenting a forged deed to one John O'Connor of Fremont, Nebraska, and, by representing himself to be the grantee named in the deed, secured a loan of $3,000 upon the property described therein by giving a mortgage as security. He immediately departed, and was not apprehended for several years thereafter, when he was identified in the Wisconsin penitentiary. That the crime charged was committed by the party claiming to be Henry G. Fisher, there can be no doubt; the important question being whether the defendant is the man passing himself as Henry G. Fisher. Upon being released from the Wisconsin penitentiary, the defendant was brought back to Dodge county in June, 1919, to answer to the complaint of forgery filed in March, 1910. Upon the preliminary hearing he was bound over to the district court. Before entering upon the trial the defendant filed a motion for a change of venue, supported by his own affidavit, and that of his counsel, to the general effect that there was a prevailing sentiment in the community that the defendant was guilty, and that, owing to the prominence of some of the state's witnesses, a fair and impartial trial could not be had. As a part of the showing, there was attached to the affidavit of defendant's counsel copies of newspaper articles which gave an account of the swindle, written in a rather vivid style. In the affidavit of defendant's counsel he states that he has talked with a number of persons who said that the defendant could not obtain a fair and impartial trial in Dodge county, but that said parties were unwilling to make an

affidavit to that effect.  Most of the publications re-
ferred to were made at the time of the commission of
the offense some nine years previous, and others at the
time the defendant was first identified in the Wisconsin
penitentiary some four years before the trial.  A coun-
ter affidavit was made by J. C. Cook, the county attor-
ney, to the general effect that the case had attracted
but slight attention, and that no special interest was
taken in the case by the public, and that a fair and im-
partial jury could be obtained in Dodge county.  The
application of the defendant for a change of venue was
denied, and this ruling of the court is now assigned as
error.

It is well settled that applications for a change of
venue in a criminal prosecution are addressed to the
sound discretion of the trial court, and, unless, it ap-
pears that there has been an abuse of discretion, the
ruling will not be disturbed.  *Goldsberry v. State,* 66
Neb. 312.  It does not occur to us that there is anything
in this class of cases, or in the publications which are
set out, which would tend to inflame the public mind
or bias the judgment of the community so as to deprive
a person charged with such an offense of a fair and
impartial trial.  We see no abuse of discretion in the
ruling of the trial court.

A motion was also made to have the case tried before
a judge other than the presiding judge.  The theory of
this motion was that the trial judge was disqualified by
reason of the fact that, while the complaint was pend-
ing before the justice of the peace, and before the de-
fendant had been apprehended, the trial judge had oc-
cupied the official position of county attorney, and *ipso
facto* represented the state in the prosecution.  In this
regard the record shows that the complaint was filed in
March, 1910, by the present county attorney, who was
county attorney at that time, and that the defendant
was not apprehended and returned to Dodge county
until June, 1919.  The trial judge had filled the office of

county attorney during the years 1913 and 1914, and during the whole period the whereabouts of the defendant was unknown, and the record shows affirmatively that he took no action whatever in the case. The most that can be said is that the complaint was on file and pending. Our statute relating to the subject of disqualification of a judge to hear and determine a case (Laws 1915, ch. 22) provides: "A judge * * * is disqualified from acting as such * * * except by mutual consent * * * where he has been attorney for either party in the action or proceeding, * * * or in any wise interested." Under the facts shown it would be an extreme and unwarranted view to hold that the trial judge had represented the state in this case during the period he held the official position of county attorney. In the condition of the record there is nothing to indicate that the trial judge was an interested party in the action, and is within the exclusion of the statutory provision.

Another assignment of error relates to the instructions given to the jury, and in the oral argument stress was laid against instruction No. 11, relating to an alibi; the objection being that the effect of this instruction was to shift the burden of proof from the state to the defendant. The instruction, in the main, was in the usual form of an instruction on the subject of an alibi, and contained this phrase: "If the evidence on this subject, considered with all the other evidence, is sufficient to raise a reasonable doubt as to the guilt of the defendant, you should acquit him." If this phrase stood alone, it might be misleading; but in the same instruction the jury were told that the evidence upon the subject of the alibi "does not shift the burden of proof from the state, but that the state is bound to prove his presence beyond a reasonable doubt." In the same instruction, it was also said: "The accused is not required to prove an alibi beyond a reasonable doubt, nor even by the preponderance of the evidence." Considering this instruc-

tion, especially in the light of the general charge to the jury, we are unable to say that there was prejudicial error in the instructions.

It is next urged that the court erred in refusing a continuance asked by the defendant for the purpose of securing the testimony of witnesses residing out of the state. In explanation that the testimony had not been previously taken, it was claimed that the defendant was without means, and that funds had not been available for the purpose of defraying the expenses of the taking of the depositions until the time the case was called for trial. Affidavits were presented stating what the defendant desired to prove by such witnesses. During the argument upon the motion the county attorney agreed that the witnesses named in the several affidavits, if present, would testify to the facts set out in their respective affidavits. Upon this statement by the county attorney the motion for continuance was denied. It is the established rule that, where a continuance is asked in a criminal case for the purpose of securing testimony of absent witnesses who are not within the reach of the process of subpœna, that where the state's attorney admits that, if such witnesses were present, or their depositions taken, they would testify to the facts stated in the affidavits accompanying the motion for a continuance, and that such statements may be introduced upon the trial, whether the motion shall be overruled or not is a matter resting within the sound discretion of the trial court, and, if no abuse of such discretion is disclosed by the record, it will not be disturbed in this court. *Fanton v. State*, 50 Neb. 351. Upon the trial the defendant was permitted to use the affidavits under the statements of the county attorney, and the court properly instructed the jury that they should regard such statements as evidence in the case. We cannot see that the defendant was deprived of any substantial right by the ruling of the court denying the continuance, or that there was any abuse of the discretionary power of the court.

It is contended in the brief that the defendant was arraigned for plea before the expiration of one day after the information was served on him, and thus deprived of a substantial statutory right. It is not necessary to consider the legal question involved in this point. The certified record, which must be our guide, shows that the information was served upon the defendant on the 5th day of September, and he was arraigned thereon for plea on the 8th day of September. In any view of the ·case which might be taken, more than the statutory 24 hours was allowed the defendant.

Lastly, it is urged that the evidence does not support the verdict of the jury, in that the defendant was not identified as the party claiming himself to be Henry G. Fisher. This question was purely a question of fact to be determined by the jury. A number of witnesses were very positive in their identification of the defendant as the man who had called himself Henry G. Fisher and they identified him positively as the man. Experts in handwriting testified that known handwriting of the defendant and handwriting in the forged instruments were the same. There was some evidence which tended to discredit the testimony of the expert witnesses on handwriting, but, taken as a whole, the question was purely one for the jury to pass upon. We have read the entire testimony, examined the instructions of the court, and are unable to discover any prejudicial error in the record.

The judgment is therefore

AFFIRMED.

Rose and FLANSBURG, JJ., not sitting.