WEBSTER, Respondent, v. CARHART, et al, Appellant.

(266 N. W. 731.)

(File No. 7873. Opinion filed April 24, 1936.)

M. C. Lasell, of Aberdeen, for Appellant.

A. C. Campbell, of Frederick, and Geo. H. Fletcher, of Aberdeen, for Respondent.

ROBERTS, J. This is a statutory action to quiet title to real estate. The complaint alleges in effect that the plaintiff is the owner in fee simple and entitled to possession of a quarter section of land described in the complaint; that defendant claims an interest in the land adverse to the plaintiff; and that the action is brought to determine such adverse claim. Defendant answered the complaint, denying each and every allegation, and further affirmatively alleges ownership in himself; that the plaintiff claims title by virtue of a tax deed which purports to be based upon a sale for delinquent taxes assessed and levied upon the land described in the complaint for the year 1930. Defendant further alleges that the tax deed is void for the reason that there was no legal sale of the property for taxes; that the land is not legally described in the tax sale record; that there was no legal notice of the tax sale; and that the duplicate tax list was never filed as required by statute. Defendant further alleges that there was no legal assessment of the land for the year 1930 and subsequent years during which payments were made by plaintiff by reason of the failure of the assessor to subscribe and attach to his returns the oath required by statute; that there was an insufficient description of the land in the assessment roll for the years in question; that the assessment rolls do not state the number of the school district in which the land is situate; and that the land is of the value of $5 an acre and no more. The answer further states that the defendant is ready and willing to pay the taxes upon the premises for the years in question when the correct amount of taxes is computed and known, and tenders such taxes into court.

Plaintiff, after issue was joined and before trial, secured an order to show cause why the defendant should not be required to deposit in court for the benefit of the plaintiff an amount which

was claimed to be the sum required to redeem from the tax sale and costs of the action then incurred. After hearing, the court entered an order requiring the defendant to deposit on or before the 1st of September, 1935, the amount of taxes and costs. Defendant appeals from this order.

Section 6824, Rev. Code 1919, has its origin in territorial laws. Section 79, c. 28, Pol. Code 1877; section 1643, Comp. Laws 1887. This statute provides that, in any action to recover real or personal property sold for taxes or to invalidate or cancel any tax deed "the true and just amount of taxes" must be ascertained and judgment must be rendered therefor against the party to whom the same is properly chargeable. The territorial statute upon which section 6825, Rev. Code 1919, is based, provided, among other things, that "no action shall be commenced by the former owner or owners of lands * * * to recover possession of lands which have been sold and conveyed by deed for non-payment of taxes, or to avoid such deed * * * until all taxes, interest and penalties, costs and expenses shall be paid or tendered by the parties commencing such action." Section 75, c. 28, Pol. Code 1877; section 1640, Comp. Laws 1887. This statute, having been amended by chapter 56, Laws 1901, also provides: "And whenever, in any action at law or equity, the validity of any tax certificate or tax deed arises upon the pleadings or otherwise, except where the property sold was not taxable, where the tax was for an illegal purpose, or where the tax was paid before the sale occurred, such action shall not proceed in favor of the party assailing such certificate or deed unless he shall within such time as the court shall deem reasonable deposit in court, for the benefit of the party claiming thereunder, an amount equal to the sum required by law to redeem from the tax sale or sales involved, together with costs and disbursements of the action then incurred by the party claiming under such certificate or deed." Other provisions were inserted by chapter 70, Laws 1903, but they do not affect the question presented by this appeal.

Appellant contends that the circuit court was without authority under section 6825 to require a deposit of an amount sufficient to redeem from the tax sale together with costs and disbursements of the action then incurred by the plaintiff; that the legality of the assessment and sale is in issue and the court should have proceeded under the provisions of section 6824.

The provisions of sections 1640 and 1643, Compiled Laws 1887, were construed by the Supreme Court of North Dakota in O'Neil v. Tyler, 3 N. D. 47, 53 N. W. 434, 438, where it is said: "We here encounter a point arising under our very peculiar and very confusing statutes inherited from territorial times. Appellant contends that the action was not lawfully commenced, and must be dismissed because the taxes and interest were neither paid nor tendered before the suit was brought; citing section 1640 of the Compiled Laws in support of this position. * * * A literal construction of this section alone would oblige us to dismiss this action, for the reason that the tax of 1886 was neither paid nor tendered before suit; but we do not feel justified in putting such a construction upon the section, in view of the fact, especially, that section 1643 of the same statutes contains provisions in direct conflict with those quoted above, and the latter statute leads to a widely different result. * * * A comparison shows that the provisions of the statute above quoted are in part contradictory of each other. The former requires payment or tender of taxes as a condition precedent to an action to 'avoid' a tax deed; the latter provides that in an action 'to invalidate or cancel' such deed a judgment shall be rendered for 'the true and just amount of taxes due upon such property.' These provisions cannot be harmonized entirely, and we are convinced that it would be a harsh and unreasonable interpretation of the language used to hold that section 1640 alone must govern. To do so would not only compel the plaintiff, who has a just cause of action upon the merits, to go out of court without the relief he is seeking, but would likewise imply that section 1643 is meaningless, and must be ignored. We are convinced that a less rigid construction would be, on the whole, more conducive of justice, and more in accord with sound legal principles. We therefore conclude that the terms of section 1640 of the statute above quoted must be confined to cases where the plaintiff concedes the validity of the tax, or a part thereof, and that neither tender nor payment will be required in suits where the legality of the entire tax is controverted in good faith."

██ ██ We will not undertake to determine whether or not the provisions of section 6824 and section 6825 may be entirely reconciled. It is apparent that, if the tax itself is absolutely void

and there are no unpaid taxes on the land for which it could have been sold, a deposit cannot be required, as it would result in an exaction, which the Legislature would be without power to compel directly or indirectly. Cooley on Taxes (4th Ed.) § 1508; Tierney v. Union Lbr. Co., 47 Wis. 248, 2 N. W. 289; Immegart v. Gorgas, 41 Iowa, 439; Hart v. Henderson, 17 Mich. 218; Sinclair v. Learned; 51 Mich. 335, 16 N. W. 672. See, also, Power v. Larabee, 2 N. D. 141, 49 N. W. 724; Eaton v. Bennett, 10 N. D. 346, 87 N. W. 188; note, L. R. A. 1915C, 492. Lands cannot be sold for nonpayment of taxes that do not exist. Moran v. Thomas, 19 S. D. 469, 104 N. W. 212. We conclude that under this statute a deposit may not be required where the attack upon a certificate or deed goes to the groundwork of the tax, or where, in other words, the legality of the tax itself is in good faith controverted.

 It is not claimed that the property was not taxable, that the land was sold for taxes levied for an illegal purpose, or that the taxes have been paid. But it is alleged by defendant that the assessment was invalid by reason of an insufficient description of the land in the assessment roll. It is essential to the validity of an assessment that the assessment roll should contain a sufficient designation or description of the property intended to be assessed and taxed, and a valid assessment only can support a valid tax. The defense proposed goes to the groundwork of the tax proceedings, and a deposit cannot be required under the views expressed. It is not necessary to consider other defenses which defendant contends assail the legality of the tax.

The order appealed from is therefore reversed.

All the Judges concur.