LASELL, Appellant v. YANKTON COUNTY, et al,
Respondents

(286 N. W. 323.)

(File No. 8091.   Opinion filed June 9, 1939.)

*M. C. Lasell,* of Aberdeen, for Appellant.

*H. A. Doyle, Frank Biegelmeier,* and *John E. Walsh,* all of Yankton, for Respondents.

PER CURIAM. This cause is before this court upon appeal from Yankton county. The case was brought for the purpose of quieting title, in the plaintiff, to a tract of land in that county. The record in the case is very voluminous. The printed record alone on the appeal covers 760 pages.

The case was tried to the court and at the close of the trial the trial judge signed and filed, as a part of the record, a document covering 84 printed pages and entitled "Findings of Fact." These so-called findings of fact were compiled with little or no regard for the relevant facts in the case, for the material evidence or for the issues in the case as raised by the pleadings; and much

evidentiary matter that has no place in either findings of fact or conclusions of law; and much that is wholly immaterial to any issue in the case. No attention whatever was paid to the provisions of Section 2526, R. C. 1919, which requires that the findings of fact and conclusions be stated separately. Such so-called findings and conclusions are not only of no assistance to the court in considering the issues involved in the case, but render it practically impossible to tell just what the court found to be facts and what are conclusions of law.

In order to ascertain upon just what facts the trial judge based his conclusions and judgment it is necessary to return the record to the trial court where new findings of fact and conclusions of law will be made. In making such findings of fact the court will limit itself to the ultimate facts, as shown by the evidence, and are responsive to the issues that are raised by the pleadings in the case. Upon the facts so found the court will make its conclusions of law separately and enter judgment accordingly.

Counsel for the various parties to the action will be given an opportunity to submit proposed findings of fact and conclusions of law, expressing their views on the proper disposal of the issues in the case; and to be heard if they so desire before findings of fact and conclusions of law are finally adopted by the court. The findings and conclusions so made will replace the findings and conclusions now in the record.

The judgment appealed from is therefore reversed and the cause is remanded to the trial court to make findings of fact upon all material issues, and upon such findings of fact and conclusions of law to make and enter judgment accordingly. This is to be done upon the present record without new trial or other proceedings below.

Costs to be taxed by the plaintiff.

All the Judges concur.