LASELL, Appellant, v. YANKTON COUNTY, Respondent

(295 N. W. 283.)

(File No. 8361. Opinion filed December 13, 1940.)

Rehearing Denied May 21, 1941.

M. C. Lasell, of Aberdeen, for Appellant.

H. A. Doyle, Frank Biegelmeier, and J. Leonard Feldman, all of Yankton, for Respondent.

PER CURIAM. In this action to determine adverse claims to real property, issue was joined as to the validity of the alleged tax title of Yankton County. Deeming himself aggrieved by the judgment entered below, plaintiff appealed. In June, 1939, this court reversed the judgment and remanded the cause, with directions that the trial court find ultimate facts, draw its conclusions of law therefrom, and enter judgment accordingly. 66 S. D. 517, 286 N. W. 323.

The cause was not reached for reconsideration by the trial court until the effective date of the South Dakota Code of 1939 and its section 57.0902. Upon reconsideration, and after making its findings of fact, the learned trial court concluded as a matter of law that the tax title of the county

was voidable, that an order should be made requiring the plaintiff to deposit the amount of taxes determined to be due by the findings of fact, and "That if the deposit required by the Court's order be made that judgment be entered in favor of plaintiff, otherwise judgment be entered in favor of the defendant, Yankton County, as provided by law." Thereupon, without entering judgment, the court entered the following order:

"The above entitled action having been tried to the Court without a jury, and on appeal to the Supreme Court the said Court having remanded said case to the Trial Court with directions to make new Findings of Fact and Conclusions of Law upon the record heretofore made without a new trial or other proceedings, and the Court having made and entered Findings of Fact and Conclusions of Law in writing determining the legality and existence of the taxes involved herein and making proper assessments for part of the land involved herein for the years 1930 to 1935, both inclusive, and the defendant, Yankton County, having at all times demanded that such taxes be paid before further proceedings herein, and it appearing that SDC 57.0902, which became effective July 1, 1939, should be complied with, now, in conformity with said Findings of Fact and Conclusions of Law and said Section 57.0902.

"The Court determines that the taxes on the land now remaining in Sections 20 and 21, Township 93, Range 57, Yankton County, South Dakota, described in Findings of Fact Nos. 4 and 14, are hereby declared valid and legal liens in the sum of $5,473.59 principal for the years 1919 to 1929, both inclusive, and the Court makes an assessment, calculation and determination of the taxes thereon from 1930 to 1935, as set forth in Finding of Fact No. 15, in a total amount of $1,299.20 principal, making a total in all for said land in the sum of $6,772.79, and it is therefore Ordered that the plaintiff, M. C. Lasell, deposit with the Clerk of this Court the said sum of $6,772.79, being the principal amount of said taxes on the land determined to be valid liens thereon for the years 1919 to 1935, both inclusive, within thirty days from the date of service of a copy of

this order upon him, as security for the payment of the said taxes, as provided by law.

"It is further determined by the Court that the taxes on Lots 3 and 4 of Section 22, Township 94, Range 57, Yankton County, South Dakota, for the years 1919 to 1935, both inclusive, are declared to be valid liens in the sum of $941.40, and that it is therefore Ordered that M. C. Lasell deposit with the Clerk of this Court the said sum of $941.40, being the principal amount of said taxes, within thirty days after service of a copy of this order upon him, as security for the payment of said taxes, as provided by law, the said principal amount being required only because of Chapter 280 of the Session Laws of 1939.

"Upon the deposit or failure to deposit said sum or sums, the Court will then proceed to the final determination of the said action upon all the issues therein, or dismiss it, all as provided by law."

The cause is now here on an appeal from the foregoing order under the special appeal provisions of SDC 57.0902, and presents three points for our consideration.

Under his first two points plaintiff contends that because his pleadings and proofs in good faith attack the validity of the tax base upon which the county's title was predicated, the order was not warranted under the statutes prior to July 1, 1939, and that the provisions of SDC 57.0902 may not now be applied in this action (which was tried and once determined prior to July 1, 1939) without giving that section retroactive force.

The pertinent part of SDC 57.0902, supra, applied by the court, reads as follows: "If the party seeking such relief asserts the invalidity of all or any part of the tax, the nontaxability of the property, or its exemption from taxation, or that the tax was paid before the property was sold, or any other claim affecting the base or legal existence of the tax itself or any part thereof or its legal existence as a lien or claim against the property involved as distinguished from irregularities in the procedure by which it was assessed, equalized, levied, listed; certified, advertised, dis-

trained, sold, collected, or attempted to be collected, no tender shall be required as to any portion properly asserted to be invalid or void as a tax for any reason going to its base or legal existence, but in all such cases the court in such action or proceeding shall first proceed to determine the question of the legality or existence of any tax, and if necessary, to make proper assessment, calculation, and order as to the amount, if any, which should have been legally paid, and all of which shall be determined as of the date when the assessment and levy was or should have been made, except that the due date of such tax shall be established as the first day of January next following the date when such assessment originally was or should have been made. The court shall thereupon enter its order directing the party seeking relief to deposit such sums·with interest at six per cent per annum from the date when such tax originally became or should have become due."

Prior to the effective date of the South Dakota Code of 1939, § 6825 of the Revised Code of 1919 provided as follows: "And whenever, in any action at law or in equity, the validity of any tax certificate or tax deed arises upon the pleadings or otherwise, * * * such action shall not proceed in favor of the party assailing such certificate or deed, unless he shall within such time as the court shall deem reasonable deposit in court, for the benefit of the party claiming thereunder, an amount equal to the sum required by law to redeem from the tax sale or sales involved * * *."

In Webster v. Carhart et al., 64 S. D. 380, 266 N. W. 731, 732, a case in which it was alleged that an invalid assessment proceeding had been carried on, and in which the trial court had made an order under § 6825, supra, requiring a deposit by the holder of the fee title before any other proceedings had been had, it was determined by this court that an order under the provisions of § 6825, supra, was not warranted "if the tax itself is absolutely void and there are no unpaid taxes on the land for which it could have been sold." Plaintiff's contention here that the order under consideration would·not have been warranted prior to July 1, 1939, is based upon that holding by this court. In making this

contention, plaintiff overlooks other cognate powers of the court.

■ Prior to July 1, 1939, a court was authorized by § 6824, Revised Code of 1919, "to ascertain the true and just amount of taxes, if any, which should have been assessed and extended against the property," in an action of this character in which a tax proceeding had been held invalid. The same section contained a grant of power to enter judgment against the party to whom it was properly chargeable for the amount of the just tax so ascertained by the court. This statutory power to enter judgment was not exclusive, however, and did not purport to limit the equity powers of the court. The power of an equity court to prescribe the equitable terms upon which it would grant relief remained unaffected. McKinnon v. Fuller et al., 33 S. D. 582, 146 N. W. 910. When in the course of an action of this character involving taxable property which had not in fact been charged with its share of the public burdens through the failure of the functions of the public agencies, a court had ascertained and fixed the amount of just tax chargeable against and presently due from that property there resided in the court equitable power to require payment or deposit of that amount as a condition upon which it would grant relief. Brink v. Dann et al., 33 S. D. 81, 144 N. W. 734. Cf. Holland v. Hotchkiss, 162 Cal. 366, 123 P. 258, L.R.A. 1915C, 492. So we conclude that an order of deposit would have been warranted in Webster v. Carhart, supra, if the learned trial court had first exercised its power under § 6824, supra, and had ascertained the just and equitable amount of tax chargeable and due upon the property there involved, and insofar as SDC 57.0902 authorizes the instant order after the court ascertained the validity or the just amount of the tax due, it but restates the law as it existed in this jurisdiction during the course of all of this litigation, and that plaintiff's first two points must be overruled.

Under his third point plaintiff groups several contentions with reference to the insufficiency of the evidence to support the findings and conclusions of the court upon

which the instant order is based. These contentions require separate treatment.

As appears from the order, supra, the trial court determined the principal amount of the taxes for the years 1919 to 1929, inclusive, to be valid. Knowledge of the provisions of § 6749 of the Revised Code of 1919 and of the factual circumstances attending the levy of these annual taxes is essential to an understanding of plaintiff's challenge of this determination.

By § 6749 of the Revised Code of 1919 it was provided: "On the first Tuesday in September of each year, or within ten days thereafter, the board of county commissioners shall levy the necessary taxes for the current fiscal year on all taxable property in the county. Such taxes shall be based upon an itemized estimate of the county expenses for the ensuing year, which shall be included in the published proceedings of the board, and no greater levy of county tax shall be made upon the taxable property of any county than will be equal to the amount of such expenses, with an excess of five per cent of the same, and shall include the following purposes: * * *."

The foregoing provision then continues with a list of several county purposes such as "general county purposes", "support of the insane", "special salary fund", county roads", "county bridges", etc.

Plaintiff contends that the county violated the provisions of the preceding section in making its levies for each of the years from 1919 to 1929, inclusive, in this, that the amount it levied exceeded the amount of the estimated expenses of the county by more than the statutory five per cent in each instance. By way of example, plaintiff points out that the expenses for "general purposes" for 1919 was estimated at $70,000, and that the actual levy and extension of taxes for that year for that purpose was for $74,322.14, or $822.14 more than the amount of such estimated expenses plus five per cent. From these facts and predicated upon the holding of this court in Mallery v. Griffin, 43 S. D. 71, 177 N. W. 818, plaintiff argues that the levy so made is void. The county, on the other hand, demonstrates that although

the amount levied for a particular purpose listed in § 6749, supra, actually may have exceeded the amount of the estimate for that purpose by more than the permissible five per cent differential, the aggregate levy for each year for all of the county purposes listed in § 6749, supra, did not in fact exceed the total estimate of the county expenses, and contends that this court has indicated by its opinion in Mallery v. Griffin, supra, that the five per cent differential should be applied to the total estimate of expenses rather than to the expenses chargeable to each purpose listed in the cited section. That support for the position of the county appears in the accountancy of this court set forth in Mallery v. Griffin, and that the phrasing of § 6749, supra, would support such a construction must be admitted. Other considerations, however, have convinced us that the plaintiff's interpretation of the statute must be upheld.

■ The power to levy taxes was limited to the amount of estimated expenses in order that taxpayers may be protected against unnecessary impositions. Power to levy five per cent more than the amount of such estimated expenses was granted to safeguard the county from deficient revenues occasioned by human errors in judgment in estimating both expense and income. Under a system of taxation which requires that levies be made pursuant to a law "which shall distinctly state the object of the same, to which the tax only shall be applied" (Article 11, § 8, of the Constitution of South Dakota) such a deficient levy for the "support of the insane," for instance, would not be compensated by an excess of more than five per cent included in the levy for the "special salary fund." Hughes v. Board of Commissioners, 25 S. D. 480, 127 N. W. 613. A margin of protection would only be provided for each separate fund through the application of the five per cent differential to each fund. We therefore entertain no doubt but that the Legislature intended the grant of power to exceed estimated expenses by five per cent to apply to each fund separately.

However, we do not think this court intended to convey the meaning plaintiff reads from certain of the words it used in Mallery v. Griffin, supra. This court said, "Plain-

ly a levy materially in excess of the amount required to meet county expenses as shown by the estimates upon which the levy is made by the board, together with a 5 per cent. excess, must result in an unlawful injury to the taxpayer and must be held void." [43 S. D. 71, 177 N. W. 820.] According to plaintiff's understanding of these words, the court intended to hold the entire levy void. The opinion should not be so read. The court intended to declare the levy void only insofar as it exceeded the limitations imposed by law. Cf. 61 C. J. 569, note 32.

 Of the remaining contentions made by plaintiff dealing with the sufficiency of the evidence, the only one which in our opinion merits discussion has to do with the proceedings under which the property of the plaintiff was assessed. Plaintiff points out various alleged errors in the assessment procedings which, according to his view, invalidate those proceedings. However, he has failed to evidence the fact that the assessments made were in fact "unjust or inequitable." This contention of plaintiff is ruled by the case of Webster v. Cressler, 65 S. D. 571, 276 N. W. 263 and by Brink v. Dann, supra. Until an owner can show that the tax spread on his property is unjust and inequitable, he may not insist upon an assessment by the court.

Summarizing, we conclude: (1) That the court was warranted in following the provisions of SDC 57.0902 in this action; (2) that the levies of taxes for 1919 to 1929 were void insofar as they exceeded the separate limitations of § 6749 of the Revised Code of 1919; (3) that plaintiff has failed to show that assessments of which he complains resulted in an inequitable or unjust tax, and that therefore the court was not required to re-assess the property.

The order of the learned trial court is reversed, with directions that it take such further proceedings as are necessary to determine the amount of taxes lawfully levied by the county for the years 1919 to 1929, inclusive, that it thereupon re-calculate the taxes justly due, and modify its order accordingly.

All the Judges concur except POLLEY, J., dissenting.