LASELL, Appellant, v. YANKTON COUNTY et al., Respondents

(7 N. W.2d 879.)

(File No. 8503. Opinion filed February 8, 1943.)

See, also, 69 S. D. —, 6 N. W.2d 439.

M. C. Lasell, of Aberdeen, for Appellant.

J. Leonard Feldman, State's Atty., and H. A. Doyle, both of Yankton, for Respondents.

PER CURIAM. This action was brought to quiet title. Defendant Yankton County claims title under a tax deed. The case was before this court in 66 S. D. 517, 286 N. W. 323, and again in 67 S. D. 507, 295 N. W. 283. The judgment on the first appeal was reversed and the cause remanded to the trial court to make findings of fact upon all material issues and upon such findings of fact and conclusions of law to enter judgment thereon. When the case came before the trial court after the first appeal, the court concluding as a matter of law that the tax title of defendant county involved in the controversy was voidable entered an order requiring plaintiff to deposit the amount of taxes found to be due and reciting that upon the making of the deposit within the required time or the failure to make the deposit the court would proceed to a final determination of the action. Plaintiff appealed from this order and this court held that certain levies were void insofar as they exceed the limitations fixed by statute and reversed the order from which the appeal was taken and remanded the cause to the lower court with directions "to determine the amount of taxes lawfully levied by the county for the years 1919 to 1929, inclusive, that it thereupon re-calculate the taxes justly due, and modify its order accordingly."

After the case was remitted to the trial court, the amount of taxes was re-calculated and an order was entered requiring plaintiff to deposit such amount together with interest. The parties undertake in their briefs to argue the merits of the question as to whether or not plaintiff can be required to pay interest, but we do not find it necessary to discuss this question. The court in its first order directing

a deposit of taxes made no reference to and did not direct deposit of interest. We are unable to discover any ambiguity in the decree of this court reversing the order and remanding with directions and it was the duty of the trial court to comply with the mandate of this court. It had no authority under the record to enter an order directing a deposit of interest in addition to the principal amount of taxes due for the years in question.

We do not determine whether there is any merit in the other contentions presented in the briefs. The statute provides that: "If the party seeking relief makes such deposit as is directed by the Court, the action or proceeding shall then proceed to final determination, upon any and all issues involved, and the making of such deposit shall not in any manner be taken or construed as an admission, estoppel, or other legal conclusion for or against any party, but the same shall be considered only as a security for the purposes contemplated by this statute." SDC 57.0902. It is not contemplated that the entry of an order for deposit shall constitute an adjudication of the merits. If the merits may otherwise be properly submitted to the trial court for determination, the making of the deposit as security will not prejudice the rights of the parties to submit any or all issues involved to the trial court for consideration.

The order appealed from is reversed and the cause is remanded to the trial court with directions to modify its order to require a deposit of the principal amount of taxes without interest.

All the Judges concur, except POLLEY, J., not sitting.