ROCHFORD v. FLEMING, Treasurer, et al.

1. A receipt for taxes of 1893, issued in June, 1894, which bears on its face, "Sold for taxes 1893," is notice that payment was received subject to a prior sale, under Laws 1891, Chap. 14, §§ 82, 83, providing that possession of a tax receipt shall be conclusive evidence that prior taxes have been paid, "unless otherwise stated in the receipt."

2. The lien of a county for taxes is not lost by the county's bidding in the land at a sale for such taxes, under Laws 1891, Chap. 14, § 95, which provides that taxes on real property are a "perpetual lien thereupon."

3.  Where taxes are levied upon two lots owned by one person and assessed together, and subsequently one of the lots passes to a different owner, in an action by him against the county to quiet title the court should apportion the amount to the different lots, and require him to pay only the amount justly due on his lot.

(Opinion filed May 12, 1897.)

Appeal from circuit court, Minnehaha county.    Hon. J. W. JONES, Judge.

Action to quiet title.    Judgment for defendants, and plaint iff appeals.    Reversed.

The facts are stated in the opinion.

*Joe Kirby*, for appellant.

*Oscar O. Murray*, for respondents.

CORSON, P. J.   This was an action by the plaintiff, who was the owner of lot 10 in block 20 of the original plat of the city of Madison, to quiet his title thereto.   The case was tried by the court, and it found that plaintiff was the owner of the said lot, but further found that Lake county had a lien thereon for the taxes for the years 1890, 1891 and 1892, and that there was due said county $649.03 for the taxes of these years, and for which sum judgment was entered in favor of the county against the plaintiff.   From this judgment the plaintiff appeals.

The only contention of appellant is that the conclusions of law and the judgment are not sustained by the findings.   To properly understand the questions presented for the decision of the court, a brief statement of the facts found by the trial court will be necessary:   For the year 1890 there was levied upon lots 10 and 11, block 20,—the two lots being assessed together—$154.69;   for the year 1891, on the same two lots, $142.10;   and for the year 1892 there was levied upon lot 10 $140.60.   There was also levied for the years 1889, 1890, 1891 and 1892 a large sum of taxes upon the personal property of the stockholders of the Citizens' Bank of South Dakota.   On November 6, 1893, these two lots were sold by the county treasurer of Lake county for the real property tax of the three years

mentioned, and also for the personal property taxes assessed against the stockholders of said bank, amounting in all to the sum of $2,063.62; and said lots were bid in by said Lake county. In November, 1893, said lot 10 was sold under a foreclosure of a mortgage executed by Henry Smith and his wife, Emily J. Smith, in 1887. In January, 1894, the plaintiff became the owner of the certificate òf sale by purchase, and in November, 1894, received a sheriff's deed in due form. As to plaintiff's payment of taxes, the court finds as follows:

"That on the 19th day of June, 1894, the said plaintiff did apply to the then treasurer of Lake county for the purpose of paying the taxes assessed and chargeable against said lot 10 aforesaid, and that for said purpose did pay to the treasurer of Lake county the sum of one hundred forty and 45-100 dollars, and the treasurer did thereupon make out duplicate receipts for the said sum for payment of all taxes assessed for the year 1893 upon said property, one of which he delivered to this plaintiff, and which receipt is in the following form, to-wit:

"'Treasurer's Office, Lake County, South Dakota. Madison, June 19th, 1894. Received of G. E. Rochford one hundred forty and 40-100 dollars in full of the following named tax for the year 1893, upon the following described property to-wit:

| Description. | Value. | Total tax. |
|---|---|---|
| Lot 10, block 20, city of Madison.................. $ 3,700 00 | | $ 140 45 |

"'Sold for taxes year 1893. [Signed] Joseph Muggli County Treasurer.'

"That thereafter, about the 5th day of July, 1895, the said plaintiff did likewise pay to the said county treasurer the sum of one hundred fourteen and 25-100 dollars for the payment of taxes chargeable on said lot, and did receive a receipt therefor in full for tax for the year 1894, which receipt is in the same form as the one mentioned in the preceding paragraph, except as to year. That each of said tax receipts were issued by the county treasurer without the taxpayer making or filing any affidavit stating that he had a legal defense to the collection of

any former tax, and that the making of such affidavit is not noted on any of said receipts."

And the court thereupon concludes as matter of law: "That the plaintiff is the owner in fee simple of the property described in the complaint. That the purported sale of said property made by the treasurer of Lake county on November 6, 1893, is void, and of no force and effect. That the receipts issued by the county treasurer on June 19, 1894, for the tax of 1893, and the receipts issued on July 5, 1895, for tax for the year 1894, is not conclusive evidence that the prior taxes had been paid. That the land in controversy is liable for the tax assessed thereon for the years 1890, 1891, and 1892, and that the plaintiff is entitled to redemption from said tax on payment of the same, with interest thereon at twelve per cent., amounting to the sum of six hundred forty-nine and 3-100 dollars. That said Lake county has a lien upon said property prior and paramount to the rights of the plaintiff therein for the amount of said real estate taxes for the years 1890, 1891 and 1892, and entitled to judgment therefor."

Appellant contends: (1) That the receipts given were conclusive evidence that all prior taxes had been paid. (2) That the court erred in its conclusions of law and judgment in requiring the plaintiff to pay the taxes on both lots 10 and 11 for the years 1890 and 1891, as plaintiff had no interest in lot 11.

The first contention is based upon Secs. 82, 83, Chap. 14, Laws 1891, which reads as follows: "The county treasurer in collecting taxes, shall collect the oldest tax first, and shall in no case issue his receipt for the current year until all prior taxes are paid, except in cases where the taxpayer makes and files with the county treasurer his affidavit stating that he has a legal offense to the collection of such former tax, in which case the treasurer shall note in any subsequent receipt the making of such affidavit stating the amount and year covered thereby. The possession of a tax receipt upon property so

listed, issued by the county treasurer under the provisions of this and the preceding section, shall be conclusive evidence that all prior taxes which are chargeable against the lands, in such receipt prescribed, or in case of a personal tax against the person named in such receipt have been fully paid and shall be a bar to the collection of any prior tax thereon, unless otherwise stated in the receipt. It will be observed that the last clause of Sec. 83 reads ''unless otherwise stated in the receipt.'' It will be further observed that the receipt contains the statement ''sold for taxes year 1893.'' No particular form for the statement in the receipt is prescribed, and we are of the opinion that the statement ''Sold for taxes year 1893,'' was such a statement as fully notified plaintiff that the payment made by him was not accepted, nor intended to be accepted by the county treasurer of Lake county in full payment, and, in effect, was notice to him that the payment was received subject to the prior sale of the property for taxes. These sections of the statute must receive a reasonable construction, and one consistent with the other sections of the revenue law; and as it is provided by other sections of that law that a sale of property may be made for taxes, the lawmaking power could never have intended that when such a sale has been made the owner could escape the payment of his taxes by the payment of taxes for subsequent years, in case the sale should be held, for any cause, illegal or invalid. When a sale of land for taxes is made, and the property bid in by the county, the lien of the county is not thereby extinguished. The lien continues until the taxes are in fact received by the county. By Sec. 96 of the same chapter taxes upon real property are made a ''perpetual lien thereupon'' as against all persons except the United States and the state of South Dakota. With the notice imparted by the statement in the receipt, and under the peculiar facts disclosed by the findings, we are of the opinion that the court ruled correctly in holding that the receipts were not conclusive evidence that the prior taxes had been paid.

The contention of appellant that the court should not have required him to pay the full amount of taxes assessed upon lots 10 and 11, as he had no interest in lot 11, seems entitled to consideration, and must necessarily reverse the judgment. Undoubtedly the court could properly require the plaintiff to pay all the taxes due on lot 10, under the provisions of Section 1, Chapter 160, Laws 1893, but it is not easy to discover any theory upon which he could be required to pay the taxes also assessed upon lot 11, in which he had no interest. The learned counsel for respondents asserts in his brief that the bank in 1890 became the owner of lots 10 and 11, and used them together, and hence they were assessed together; but there is nothing in the record before us showing that the bank ever owned the lots. But, even if it was the owner, and the lots could have been legally assessed together—a point we do not decide—the court should have ascertained the proportion of the amount assessed against lot 10 which plaintiff could justly be required to pay. Possibly we might, in support of the judgment, presume the court did fully apportion the amount due, were it not for the express language of the judgment. That part of the judgment is as follows: "It is further ordered, adjudged and decreed that the defendant Lake county have and recover judgment for the sum of $649.03, the same being for and the amount of the real estate taxes levied and assessed against said premises for the years A. D. 1890, 1891 and 1892, with interest, and that the same be, and hereby is, ordered, adjudged and decreed to be a first, prior and paramount lien upon said premises. It is further ordered and adjudged that upon payment to said Lake county of the aforesaid sum, being the taxes assessed as aforesaid for the years 1890 and 1891 upon lots 10 and 11 in said block 20, and upon said lot 10 for the year 1892, as well as interest thereon at 12 per cent. from the date each of the assessments became delinquent, that the said Lake county, through its proper officers, issue to the said plaintiff a receipt in full payment of the taxes assessed upon said

property for the years aforesaid." The first clause, standing alone, might be consistent with a proper division of the taxes due upon the respective lots, but the last clause clearly shows that no such apportionment was made, and leaves no foundation for any presumption of an apportionment. As the judgment now stands, it clearly appears that plaintiff is required to pay to Lake county a larger sum than it is entitled to, but the real amount of the excess we are unable to determine in any manner from the record before us. Hence we cannot modify the judgment, and are compelled to reverse it, in order that the proper findings and judgment may be entered. Judgment reversed.