## TOWN OF ST. LAWRENCE *et al.* v. GROSS.

The removal of a building from a town will not be enjoined at the suit of the taxpayers of the town on the ground that the town is heavily indebted, and that such removal will increase the burden of taxes on the remaining residents.

(Opinion filed January 10, 1900.)

Appeal from circuit court, Hand county.  Hon. LORING E. GAFFY, Judge.                                    •

Action by the town of St. Lawrence and others, on behalf of themselves and all other taxpayers similarly situated to obtain an injunction to restrain the removal of a certian building from the town of St. Lawrence against Peter Gross.  From an order sustaining a de nurrer to the complaint, plaintiffs appeal.  Affirmed.

The facts are stated in the opinion.

*Wilmarth & Simmons,* for appellants.

Appellants are entitled to an injunction to prevent the removal of the building which would create a dangerous place to the traveling public by leaving an excavation that would constitute a nuisance.   Huron v. Bank, 66 N. W. 815

When the owners of property are liable to have their taxes increased by the acts of an individual who is attempting to escape his just proportion of taxes which must be levied to satisfy joint obligations, they are entitled to an injunction to prevent such acts.  § § 4708, 4985, 4647, 4649 Comp Laws; High on Inj. § § 1236, 1298, 403, 430, 1106, 480, 662; 6 Am. & Eng. Enc. of Law 685; Simonton Mun. Bnds § 155; Parker v. Garrison 61 Ill. 250; Lewis v. Christian 40 Ga. 187.

*S. V. Ghrist,* for respondent.

CORSON, J.   This is an appeal by the plaintiffs from an order sustaining a demurrer to the complaint.   The action was brought to obtain an injunction to restrain the removal by defendant of a certain brick building from the town of St. Lawrence. The facts as alleged in the complaint may be briefly stated as follows: That the town of St Lawrence is a municipal corporation, and within the corporate limits there are 1,200 acres of land, of which not over 240 acres are platted; that the defendant is the owner of a certain two-story brick building situated in the town of St. Lawrence, and is now making preparations to remove the same to the town of Miller; that said building has a basement 8 feet in depth, excavated from the line of the side-walk 14 feet into the street under the side-walk, and that, if said building is removed, it will leave a deep and dangerous excavation and pitfall endangering the safety of the traveling public; that said building was constructed in 1889 at a cost of $5,000; that the assessed value of all the real property within the corporate limits of the town of St. Lawrence for the year 1887 was $46,297, and the value of the personal property was $63,268· in 1899 the assessed value of the real property within the corporate limits of said town was $19,267, and of the personal property, $6,706; that during the year 1889 eight buildings, of the value of $9,000, were destroyed in said town by fire, and subsequently an elevator and a mill, of the value of $20,000, were so destroyed: that since 1886 fifty-two buildings have been removed from said town, which were of the value of $25,000, and no other buildings have been built to replace them; that during the year 1886 said town issued bonds in the sum of

$4,400 for the purpose of constructing waterworks, and in 1894, together with the township of St. Lawrence, issued $11,000 in bonds for the purpose of constructing artesian wells, under the irrigation act of 1891, and there is now outstanding and unpaid $3,400 in town warrants, upon which a large amount of interest has accrued; and in 1885 school bonds to the amount of $3,000 were issued; that to pay the interest upon said bonds it is necessary to levy and collect an annual tax of $700 that the plaintiffs Taylor, King, and Davey are residents and taxpayers of the town of St. Lawrence, and are owners of real property therein. Plaintiffs further allege that if defendant's building is removed, the taxes which must necessarily be paid by the taxpayers of said town will be much increased, and that by the removal of defendant's building the taxes of the plaintiffs and other taxpayers similarly situated will become burdensome, intolerably excessive, and amount practically to a confiscation of their property; that said town of St. Lawrence, if this and other buildings in contemplation of removal are removed, will be unable to levy and collect sufficient taxes to meet the running expenses of said town, its proportionate share of the school expenses, and meet the principal and interest of its bonded indebtedness, and, if said buildings are allowed to be removed, it will seriously impair the ability of the town to pay the principal and interest of its bonded indebtedness; that the plaintiffs have no adequate and speedy remedy at law; and that the facts herein stated were known to the defendant at the time he purchased the building herein described. Wherefore plaintiffs pray for an order enjoining the defendant from removing such building until such time as the bonded and warranted indebtedness of the town shall be entirely paid.

One of the grounds upon which plaintiffs' complaint seems to be based is that the removal of the building by the defendant will create a nuisance by leaving a dangerous, unfilled excavation under the sidewalk and a part of the street. So far as the complaint is based upon that theory, it is sufficient to say that there is no allegation in the complaint that he threatens or intends to leave his premises in a dangerous condition. It is to be presumed, therefore, that upon the removal of the building he will cause the basement to be made secure and safe for the public.

Appellants further contend that the removal of this building from the town of St. Lawrence will so far diminish the taxable property in said town as to render it difficult for the town to meet its current expenses and the principal and interest of its indebtedness, and it will largely increase the burden of taxes of the remaining residents of said town and township, and that the taxpayers in said town have such an interest in retaining the taxable property within the same as to enable them to maintain this action. The appellants do not claim that the indebtedness of a municipal corporation, either bonded or floating, creates a lien upon the property of individuals within the municipality, but do claim that the property of the respondent within the town of St. Lawrence, as soon as the bonds were issued. became subject to and was liable for its proportionate share of all bonds issued by the town, and that said property was purchased by the defendant with the fraudulent intent of removing the same from the town of St. Lawrence for the purpose of avoiding payment of the taxes that might be assessed thereon. The learned counsel for the appellants have not referred the court to any adjudicated cases sustaining their

12 S. D.—23

position, and the court, in its own researches, has not been able to find any.

Counsel for appellants have also failed to point out under what head of equity jurisprudence their complaint can be sustained. It is true, courts of equity will protect property of one against unlawful invasion by another where irreparable injury may result from such invasion, but those courts do not undertake to relieve parties in all cases who may suffer from the acts of another. It is only when a party has done some wrongful act which injures another that courts of equity will grant to such injured party relief. The law seems to be well established that the owner of real property not incumbered by any liens may dispose of such property in any manner that he may deem proper, and that he has an undoubted right to sell or remove any building constituting a part of the realty, using care that in removing said building he does no injury to the person or property of another; and hence, in removing his building from the town of St. Lawrence, defendant will do no wrongful act of which the town or taxpayers have a right to complain. In re Utica, C. & S. V. R. Co., 56 Barb. 456-460. It is certainly a novel claim that parties having no interest in or lien upon the property of the defendant have the right to restrain him from removing his building to a locality where he may desire to rebuild the same. It may be unfortunate for the plaintiff taxpayers that by the removal of this building their taxes may be increased, but it is one of those incidents in the ownership of property for which neither courts of law nor courts of equity afford a remedy. It is quite clear, therefore, that the municipality of the town of St. Lawrence and the taxpayers therein cannot maintain this action. Neither the town of St. Lawrence

nor the taxpayers have any right to insist that parties who were the absolute owners of property in such town when the indebtedness of said town was incurred shall continue as owners of such property, or that purchasers of the same shall continue to keep it in the same condition it was when the indebtedness was incurred. We fail, therefore, to discover any law, legal or equitable, upon which this action could be maintained.

It is contended by appellants that this case comes within the principle by which proceedings of municipal corporations at the suit of citizen taxpayers, where such proceedings encroach upon private rights, are restrained. But courts of equity exercise their jurisdiction in such cases on the ground that the municipality is charged with, and made the depositary of, a public trust, and that by the performance of the threatened acts they are violating such trust. High, Inj. § 1236. The owner of property within a municipality sustains no such relation to the municipality or the taxpayers therein. We are of the opinion, therefore that the court was clearly right in sustaining the demurrer. The order of the circuit court is therefore affirmed.