COUGHLIN, Respondent, v. CITY OF PIERRE, et al, Appellants

(286 N. W. 877.)

(File No. 8180. Opinion filed July 10, 1939.)

*Sutherland & Payne,* of Pierre, for Appellant.
*Otto B. Linstad,* of Pierre, for Respondent.

SMITH, J. Real property owned by defendant was sold at tax sale and thereafter deeded to the county. Eventually it was purchased by plaintiff from the county at a resale held pursuant to Chapter 83 of the Laws of 1937, and this action was brought to

quiet title. The answer of defendant set up his title, asserted the invalidity of the tax title, and prayed for equitable relief. The learned trial court concluded that the tax title was void, but conditioned its relief to defendant upon payment by defendant to plaintiff of the sum of $174.80, being the amount due as delinquent taxes at the time judgment was entered. The record discloses that plaintiff only actually paid the county $70 as the gross purchase price of the lot here involved and one other lot. The appeal is by the defendant. Defendant does not question the form of the judgment. Cf. Western Building Company v. J. C. Penney Company, et al., 60 S. D. 630, 245 N. W. 909. He implicitly assents to the propriety of a condition requiring him, as the owner, to pay to plaintiff, as a tax purchaser, the actual amount plaintiff paid to the county as the purchase price of defendant's lot, but by a single assignment contends that the learned trial court erred in granting plaintiff more than reimbursement for his purchase price. We are of the opinion that this contention of defendant must be sustained.

Plaintiff-respondent seeks to support the challenged judgment on three theories.

 It is said that warrant for the judgment is found in equitable principles, and that such principles permit the court in its discretion to condition relief to the owner upon payment of the full amount of the delinquent tax to the holder of the invalid tax title. The rule of caveat emptor applies to tax sales, and the holder of a void tax title is without substantive rights in the premises (except as such rights arise by statute), but if the owner of the property seeks relief against him before a court of equity, the chancellor may and should require such owner to do equity as a condition to the relief granted. This is but an application of the ancient equitable principle of "He who seeks equity, must do equity." Section 48 of the Revised Code of 1919. The overwhelming weight of authority conditions such relief upon reimbursement not to exceed the amount of the delinquent tax plus interest. The cases are collected in 86 A. L. R. 1208, Holland v. Hotchkiss, 162 Cal. 366, 123 P. 258, L. R. A. 1915C, 492. Through the purchase at the tax sale a purchaser pays all or a portion of a tax which in equity and good conscience the owner should discharge in full if he is to assert ownership of the property. As between the purchaser and the owner, when the owner has repaid to the purchaser the amount of

his expenditures, plus interest at the statutory rate, equity has been done. If in addition the purchaser is to be enriched, justification therefor must be found on other than the equitable principle now under consideration.

It is next said that the deed transferred the original tax lien of the county to the plaintiff. Unless it can be said that the deed transferred a legal title to the tax lien to plaintiff, such a contention can not avail him as support for the judgment below. Without deciding the point, if it be considered that the deed, having failed in its purpose, must be held to have created an equitable right in plaintiff in the tax lien of the county upon which such deed was based, such equitable interest must necessarily be measured by the equity of respondent which, in turn, would be measured by the amount of the purchase price plus interest. An equity will not advance the interests of a litigant to a point above its own level.

When Chapter 83, Laws of 1937, is read as a whole it reveals no intention to deal with the transfer of a legal title to a tax lien. It deals with a resale of lands acquired by tax deed. It proceeds upon the assumption that the county owns legal title to real property, and provides for the sale and the conveyance thereof. The dominant sentence of the chapter is phrased in these words: "Property so acquired may be sold and conveyed; and the County Commissioners of the several Counties are empowered to sell and convey such real property, belonging to their respective Counties, in the manner and upon the terms hereinafter provided." Section 1 (a).

The mere fact that in defining the effect of the conveyance the Legislature said "* * * and shall vest in the grantee or grantees all of the right, title and interest of the County in and to such real property so sold and every part thereof. * * *" (Section 1 (f) of Chapter 83, supra) does not, in our opinion, indicate an intention to provide for a transfer of the original tax lien if it should eventuate that the deed failed to convey legal title to the real property.

In this connection it should be observed that resales under the cited chapter are tax sales (Cf. Hughes County et al. v. Henry et al., 48 S. D. 98, 202 N. W. 286; Brink v. Dann et al., 33 S. D. 81, 144 N. W. 734; Union Central Life Insurance Com-

pany v. Hoilien et al., 60 S. D. 183, 244 N. W. 116) and to such sales the rule of caveat emptor applies. Holland v. Hotchkiss et al., 162 Cal. 366, 123 P. 258, L. R. A. 1915C, 492. Nothing in the language of these resale statutes indicates an intention to award a purchaser thereat protection different in character than that afforded a purchaser at any other tax sale. This introduces respondent's third contention.

What measure of protection is provided the purchaser at a tax sale by our statutes? Plaintiff-respondent contends that sections 6824 and 6825 of the Rev. Code of 1919 indicate a legislative policy to require the owner of property to pay the tax purchaser the full amount of the delinquent taxes as a condition precedent to relief against defective tax proceedings or deeds.

Section 6824 reads as follows: "Whenever in any action or proceeding to recover real or personal property sold for taxes, or to invalidate or cancel any tax deed, any tax proceeding or tax deed is held invalid, it shall be the duty of the court to ascertain the true and just amount of taxes, if any, which should have been assessed and extended against the property, and to enter judgment therefor against the party to whom the same is properly chargeable, the collection of which judgment may be enforced by execution as in other civil actions. In such an action costs may be allowed or not to either party, in the discretion of the court."

The portion of Section 6825 upon which plaintiff places particular stress reads as follows: "* * * And whenever, in any action at law or in equity, the validity of any tax certificate or tax deed arises upon the pleadings or otherwise, except where the property sold was not taxable, where the tax was for an illegal purpose, or where the tax was paid before the sale occurred, such action shall not proceed in favor of the party assailing such certificate or deed, unless he shall within such time as the court shall deem reasonable deposit in court, for the benefit of the party claiming thereunder, an amount equal to the sum required by law to redeem from the tax sale or sales involved, together with costs and disbursements of the action then incurred by the party claiming under such certificate or deed."

Viewing these statutes broadly, without any attempt to deal with their application to particular situations, it becomes

apparent that they were enacted to further the collection of the public revenues. As a means to that end they not only seek to strengthen the position of the county as the collector of these revenues in situations not here important, but they also propose to encourage bidding at tax sales through the expedient of enhancing the security of such purchasers. When they are examined in the light of an understanding that the equitable principle first discussed does not assure reimbursement to tax purchasers under all circumstances, it becomes evident that these statutes were enacted in full recognition of that principle and that they seek to assure such protection to a purchaser whenever, wherever, or however his title is successfully questioned by the former owner or his successors in interest. To apply the construction sought by plaintiff would result in reimbursement in some instances and reimbursement plus enrichment in others. Because a purchaser at an ordinary tax sale is always required to pay the full amount of the tax (Cf. Section 6787 of the Rev. Code of 1919), he would receive but reimbursement. Because a purchaser at a resale may, and undoubtedly will, have paid less than the amount of the delinquent tax, under the proposed construction he would receive more than reimbursement. It seems more logical to conclude that the Legislature intended but reimbursement in both instances.

In the briefs counsel for both plaintiff and defendant have assumed that the owner is under no obligation to pay to the county the remaining portion of a just or equitable tax, and that a court would be powerless to condition relief to the owner as against the county upon payment of such remainder. Although the county might properly have been made a party, it is not before this court, and we therefore express no views in the premises.

■ In conclusion, we are of the opinion that the learned trial court was not warranted in requiring more of the defendant than that he pay to plaintiff the actual amount of the purchase price of the lot owned by defendant, with interest thereon at the statutory rate from the date of the purchase.

The judgment of the trial court is therefore reversed.

All the Judges concur.