BEADLE COUNTY et al., Respondent, v. HINCKLEY,
et al, Appellants

(10 N. W.2d 757.)

(File No. 8637.   Opinion filed August 10, 1943.)
Rehearing Denied September 21, 1943.

**May Royhl** and **George E. Longstaff** (of Royhl & Longstaff), both of Huron, for Defendants and Appellants.

**H. W. Markey,** of Huron, for Plaintiffs and Respondents.

SMITH, J.   Through defective tax sale proceedings had under SDC 57.11 Beadle County received a tax deed to real property of the defendants.   Thereafter pursuant to a resale under SDC 57.1124 the county conveyed to plaintiff Moeller.   Thereupon, Moeller and the county joined as plaintiffs in this action to determine adverse claims brought under the provisions of SDC 37.15.   By their counterclaim the defendants asserted their title, assailed the validity of the tax proceedings and sale, and asked to have their title quieted.   The trial court sustained the attack on the tax sale, and conditioned its decree quieting title in defendants upon repayment to Moeller of his purchase price, and an additional payment to the county of the amount the court found due to it as the balance of the taxes, penalty and interest.   By their appeal the defendants have predicated error on the respective amounts the court directed them to pay to Moeller and the county.   Two theories are advanced by defendants. These we shall separately state and consider.

While the trial court had the evidence under consideration, Chapter 306, Laws of 1943, according to the recitals of its emergency clause, became effective.   The pertinent parts of this enactment read as follows:

"Section 1.   In all cases, excepting as hereinafter provided in Section 5 of this Act, where taxes on any real estate in this state are delinquent and any interest or penalty has accrued or been added to such taxes because of such delinquency, any person interested in paying the taxes on said real estate, may, upon the full payment or tender of the principal of the taxes delinquent upon such real estate at any time prior to September 30, 1943, have an abatement of all the interest accrued and penalty charged upon said real estate or in addition to the taxes thereon.   At the time the payment or tender of such principal of the taxes is made, the County Treasurer or other person collecting the tax, shall note upon tax receipt and upon the tax list, where

the entry of such tax appears, an endorsement in substance to the effect that the interest and penalty have been abated pursuant to the provisions of this Act, and no other order of abatement shall be necessary. * * *

"Section 5. None of the provisions of this Act shall apply to the real estate taxes of the year 1941 which became due and payable during the year 1942, or to the real estate taxes of the year 1942 which become due and payable during the year 1943, nor to taxes of subsequent years, nor to delinquent taxes evidenced by tax sale certificates and taxes paid subsequent thereto when held by persons other than the county."

Defendants contend that they, as owners of real property upon which taxes are delinquent, are entitled to the benefits of this legislation, and assert that if the act is properly applied they only can be required to repay to Moeller an amount equal to the aggregate of the taxes exclusive of penalty and interest. According to this view the county would receive nothing, and Moeller would receive less than the amount of his purchase price. In our opinion there are two answers to this contention in so far as it is directed towards the award to Moeller.

In awarding relief to defendants under their counterclaim the learned trial court sought to exact as the price thereof the doing of equity. This was in accord with the unbroken course of decision of this court extending from Clark v. Darlington, 1895, 7 S. D. 148, 63 N. W. 771, 58 Am. St. Rep. 835, to Lasell v. Yankton County, 1940, 67 S. D. 507, 295 N. W. 283, and the almost universal holdings of the courts. See Annotation 86 A. L. R. 1208. The ancient maxim, "He who seeks equity must do equity," as reinforced by SDC 57.0902, supplies the governing principle exemplified by our holdings. These cases do not bind a chancellor to an unyielding formula. Rather they direct that he look to the situation of the holder of the defective tax title and so shape the terms of the conditions attached to the grant of relief as to fully respond to the demands made by the particular circumstances upon a just conscience. The

circumstances which characterize the nature and quality of Moeller's equity are not in dispute. That at the time of the resale, on September 1, 1942, the land was charged with delinquent taxes, penalties and interest, in an amount exceeding Moeller's purchase price, which were then justly due, is not questioned. In all fairness, if defendants were of a mind to continue to receive and enjoy the benefits and protection afforded property owners by their government, they were duty bound to discharge that tax. This they failed to do. Acting in the utmost good faith, and in accordance with a sound public policy, Moeller on that day paid $1,800 on defendants' tax obligation. The circumstances of that moment gave rise to his equity, and in our opinion it would be illogical and inequitable to hold that subsequent events for which he is not responsible, and which do not invest him with a right to secure a refund from the county, can operate to change the nature or quality of his equity. This contention of defendants, in practical effect, suggests that the doing of equity in part is enough. The principle invoked contemplates the doing of complete equity.

██ The remaining answer to plaintiffs' contention is at least equally as conclusive. The resale to Moeller was made in the course of a tax collecting proceeding. Coughlin v. City of Pierre, 66 S. D. 523, 286 N. W. 877. It must be presumed that his purchase price has been distributed to the several districts for whose benefit the original taxes were imposed. The county is without power to make a refund. Parrott v. Abernathy, 58 S. D. 603, 237 N. W. 900, 77 A. L. R. 818. It logically follows that the sum received constituted a payment by a third person on the taxes then due, and that therefore the bulk of the delinquent taxes, penalties and interest then standing as a charge on defendants' land were discharged. It thus becomes manifest that by the time Ch. 306, Laws of 1943, became effective the delinquent taxes standing as a charge upon the land upon which that act could operate were reduced to upwards of $300. Obviously the act does not purport to deal with taxes which have been paid, and therefore it cannot operate upon the taxes paid by Moeller.

We turn to the award made to the county. As to that item we think defendants stand on a different footing.

█ Mature reflection has impelled the conclusion that by Ch. 306, Laws of 1943, supra, the legislature intended to deal indiscriminately with all delinquent taxes except those described in Section 5 thereof. It seems obvious to us that it excluded delinquencies represented·by valid tax sale certificates in the hands of third persons because it deemed itself powerless to alter the substantive legal rights of such third persons. See Annotation 111 A. L. R. 237. We perceive no reason for believing that the legislature failed to accur-· ately describe the taxes it intended to except from the operation of the act, and therefore reject the contention of Beadle County that we are at liberty to so construe the act ·as to bring the taxes under consideration within the embrace of Section 5 thereof.

█ We have indicated that we are of the opinion that the $1,800 purchase price paid by Moeller constituted a payment on the taxes standing as a charge on the land as of September 1, 1942. Therefore that sum should be applied as of that date to the taxes, penalty and interest then due in the order in which those items accrued. SDC 57.1009. When this is done, according to our rough calculations, it will be made to appear that there then remained as a legal charge on the land a portion of the 1940 taxes on two of the tracts, and a larger sum on the third tract. These taxes remained delinquent, and penalty and interest continued to accrue thereon. Under the plain terms of the act, the penalties·and interest so accruing are subject to abatement if payment of the tax is made before September 30, 1943.

Our attention is directed to the fact that the tender made by defendants is to repay plaintiff his purchase price of $1,800 less his receipts from rents and profits of the land. A tender to the county was not made. Nevertheless, because the quoted statute offers its benefits to those who make "full payment or tender of the principal of the taxes delinquent * * * prior to September 30, 1943" and the defendants were and are still in position to bring themselves with-

in the terms of the act through payment before September 30, 1943, we conclude that the conditions attached to the trial court's decree should be so framed as to afford defendants opportunity to secure an abatement of this penalty and interest which falls within the embrace of the act.

■ In adjusting the equities, the trial court allowed defendants credit as against Moeller for the reasonable value of the use of the land during his possession. In so doing it followed the rule of Weller v. Platt, 33 S. D. 509, 146 N. W. 705, 708, which applied SDC 37.1903, reading in part as follows: "The detriment caused by the wrongful occupancy of property * * * is deemed to be the value of the use of the property for the time of such occupation, * * *." The defendants caused the record to show the net sum received by Moeller from his operation of the land, and contend they should have received credit for this larger sum. They reason that a constructive trust should be raised and the rule of SDC 59.0107 applied. That section permits the beneficiary of a trust to elect whether the trustee shall pay the value of the use or account for profits realized from his operations.

■ We think defendants have adopted a fallacious premise. "* * * an assumption of possession under an adverse, although defective, title, without fraud, does not give rise to a constructive trust * * *". 65 C. J. 489; W. M. Ritter Lumber Co. v. Lowe, 75 W. Va. 714, 84 S. E. 566, L. R. A. 1916E, 718; Gaines v. Lizardi, 9 Fed. Cas. page 1039, No. 5, 174, 1 Woods 56. We adhere to the rule of Weller v. Platt, supra.

The cause is remanded to the trial court with directions to modify that portion of its judgment dealing with the payment to be made to Beadle County as suggested by this opinion. As so modified, the judgment of the learned trial court is affirmed but without costs to either party.

All the Judges concur.