CITY OF PLANKINTON, et al, Appellants, v. KIEFFER, et al., Respondents

(17 N.W.2d 494.)

(Files Nos. 8672 and 8673.  Opinion filed January 31, 1945.)
Rehearing Denied April 9, 1945.

**Davenport, Evans & Hurwitz,** of Sioux Falls, for Appellants.

**Danforth & Seacat,** of Alexandria, and **Fellows & Fellows,** of Plankinton, for Respondents.

KNIGHT, Circuit Judge. In these two actions plaintiffs and appellants, one of whom is an elector and taxpayer of the City of Plankinton, sought to enjoin the removal of a dwelling house from the corporate limits of said city because of unpaid taxes thereon and noncompliance with a then existing city ordinance requiring the securing of a permit for the moving of buildings. General taxes for 1942 had been levied and assessed upon said house and were unpaid at the time of the commencement of the actions, and at said time there were outstanding bonds of the Plankinton Independent School District, which comprises the City of Plankinton, for the payment of which the Board of Education had provided for the collection of an annual tax as required by law. There were also outstanding registered warrants of said city and school districts. In each action the circuit court entered a temporary restraining order requiring defendants to show cause why injunctions should not be granted. Separate hearings resulted in judgments vacating the restraining orders, denying injunctive relief and dismissing the actions. Plaintiffs have perfected separate appeals. A further statement of issues is set forth in an opinion filed herein on February 5, 1944, denying motions to dismiss the appeals. City of Plankinton v. Kieffer, 69 S. D. 597, 13 N. W.2d 298.

Respondents have again moved for the dismissal of the appeals alleging that the controversy in each of the actions has become moot. The 1942 taxes are shown to have now been paid so that as to them there remains no controversy. The said ordinance has now been repealed, and therefore no decision should be rendered as to its validity or the effect of noncompliance with its provisions. Appellants do not here contend that the existence of outstanding registered warrants, either of the city or school district, constitutes any basis for relief.

The total amount necessary to retire the said school bonds has now been collected, the final tax for that purpose

having been included in the assessment for 1943. The house in question, having been removed prior to the making of such assessment, was not included therein. Had such removal been enjoined, it would have been so included. The substantive rights of appellants were not finally determined by the denial of injunctive relief, and if such denial was erroneous, the Court is not powerless to grant substantial relief. City of Plankinton et al v. Kiéffer et al, supra; Dakota Central Telephone Co. v. Spink County Power Co., 42 S. D. 448, 176 N. W. 143. The motion to dismiss the appeals must therefore be denied.

The only tax which had been assessed against the house to provide for the payment of the bonds which remained unpaid at the time of the commencement of the action was included in the 1942 tax which has now been paid.

Appellants contend that by the adoption of the resolution contemplated and required by SDC 15.2208 a tax was levied upon the house in question, and that the removal thereof was prohibited by SDC 45.1424, as amended, until the debt represented by the bonds issued should be fully paid.

SDC 15.2208 in harmony with Section 5 of Article XIII of the State Constitution is, in part, as follows:

"At or before the issuing of any bonds, the school board or board of education shall provide for the collection of an annual tax sufficient to pay the interest and principal thereof when due, for the entire term of years for which said bonds are to run, by proper resolution, copy of which shall be filed with the county auditor. All such levies when legally made shall be irrepealable until such debt shall be paid.

"The county auditor shall have power to levy a tax from year to year against the property of the district in accordance with such resolution to meet said interest and sinking fund when due without further notice or demand from such school district."

SDC 45.1424, as amended by Chapter 357, Laws of 1941, and Chapter 167, Laws of 1943, provides, in part, as follows: "It shall be unlawful for any person to move, tear down or destroy any building off any lot in a municipality upon which taxes have been levied until after such taxes have been fully paid."

■ ■ The word "levy" has a variety of meanings. Knudtson v. Citizens' National Bank & Trust Co. et al, 62 S. D. 71, 251 N. W. 810; Gray v. Board of School Inspectors, 231 Ill. 63, 83 N. E. 95. Strictly speaking, it is the exercise of the legislative function determining that a tax of a certain amount shall be imposed on property of the taxing district. Salem Independent School District v. Circuit Court of McCook County, 60 S. D. 341, 244 N. W. 373. It is also used indiscriminately to denote both the legislative function and the ministerial function of assessing, listing and extending taxes. 36 C. J. 1032, and cases cited. State v. Security National Bank, 139 Minn. 162, 165 N. W. 1067, 1070. A mere levy, strictly speaking, does not create a valid tax against specific property. An assessment is also necessary to make complete and effective a "levy of taxes" as the phrase is used and understood in its ordinary sense. Knudtson v. Citizens' National Bank & Trust Co., supra; Webster v. Carhart et al, 64 S. D. 380, 266 N. W. 731; People v. Weaver, 100 U. S. 539, 25 L. Ed. 705.

■ An illustration of the different uses of the word "levy" is found in SDC 15.2208 above quoted. Clearly the sentence "All such levies when legally made shall be irrepealable until such debt shall be paid" refers to the levy made in the exercise of the legislative function in providing for the collection of the tax by the adoption of the required resolution, while just as clearly the provision in the second paragraph, "The county auditor shall have power to levy a tax from year to year against the property of the district in accordance with such resolution * * *" relates to the ministerial duty of calculating, extending and apportioning the tax as provided by 57.0601. The assessment, listing and extending, which are necessary to the existence of a tax against specific property are made annually, and it is only the tax assessed and extended for each year which becomes a tax payable or becomes a lien upon specific property.

■ The purpose of SDC 45.1424 is to require payment of taxes before removal of buildings. It contemplates a tax which is determined and payable; one which has been extended against the property to which the statute relates.

The word "levied" is here used in its general and extended meaning to include the exercise of ministerial as well as legislative functions essential to the existence of a valid tax against the property. SDC 45.1424 does not affect the ruling in Town of St. Lawrence et al v. Gross, 12 S. D. 350, 81 N. W. 640, 47 L. R. A. 572, 76 Am. St. Rep. 612, which is controlling.

■ ■ As to taxes not assessed at the time of the commencement of the action, the complaints did not state claims upon which relief could be granted and were properly dismissed. All other questions are now moot. Judgments of dismissal affirmed.

SMITH, P. J., and POLLEY, ROBERTS, and RUDOLPH, JJ., concur.

W. W. KNIGHT, Circuit Judge, sitting in lieu of SICKEL, J., disqualified.