PARRISH, et al., Respondents, v. DUNCAN, et al.,
Appellants
(29 N. W.2d 478.)

(File No. 8932. Opinion filed November 6, 1947.)

**H. R. Jackson,** of Lemmon, for Respondent and Appellant Alfred S. Tubbs.

**F. J. Reeder,** of Lemmon, for Plaintiffs and Respondents.

**Leslie Hersrud,** State's Atty., of Lemmon, for Defendant and Respondent Perkins County.

SICKEL, P.J. This action was brought by Luther C. Parrish and Bertha Parrish, plaintiffs, for the purpose of determining adverse claims to two lots in the City of Lemmon, Perkins county. Alfred S. Tubbs, one of the defendants, filed an answer containing a cross complaint, in which he alleged that he was the owner of the lots and that plaintiffs' claim of title is based upon a tax deed issued to Perkins county, the other defendant, and that conveyance was made by the county to plaintiffs. The defendant Tubbs alleges that the tax deed is void and tenders in his cross complaint the "amount of real estate taxes, penalty and interest unpaid against said land, or the amount paid or agreed to be paid by plaintiffs to the county (for the lots), whichever is less," and he asks judgment quieting title in himself. Plaintiff answered this cross complaint with a general denial, and alleged a conveyance to them by Perkins county for a consideration of $40 per lot. Perkins county answered the cross complaint of defendant Tubbs alleging that it acquired title to the lots by tax deed and then conveyed them to plaintiffs. The county further alleged that the unpaid taxes on said lots, with penalty and interest from 1911, amounted to $390.08, and claimed a lien for said amount in case the tax deed should be set aside. The action was tried, and the circuit court decided that the tax deed was void; that the defendant Tubbs was the owner of the lots; that the consideration paid by the plaintiffs to the county for the lots was $80; that the amount of unpaid taxes, penalty and interest on the lots amounted to $390.08; that as a condition to the entry of judgment quieting title in defendant Tubbs, the said defendant be required to pay Perkins county the

said sum of $390.08, and that failing such redemption within thirty days, title should be vested in plaintiffs. Then the plaintiffs and defendants Tubbs and Perkins county filed a stipulation which recited the contention of Tubbs that he was obligated to pay only the sum of $80; that Tubbs did not propose to redeem by payment of the amount required by the court's decision, and that judgment be entered quieting title in plaintiffs, without prejudice to the rights of defendant Tubbs to appeal. Decree was then entered according to the findings, conclusions and stipulation, and defendant Tubbs appealed.

Appellant contends that he has no obligation to pay the $390.08 in taxes due to the county; that his sole obligation is to reimburse the purchasers for the sum paid by them to the county for the lots, amounting to $80 with interest at six per cent from the date of payment. This contention seems to require some further consideration of the rights and relationships of the parties, and the procedure in these matters.

"It is ordinarily a condition precedent to the right to maintain a suit to quiet title and cancel a tax deed that plaintiff first pay or tender the tax title claimant reimbursement for the amount expended by him for taxes, interest, and penalty, the doctrine resting upon the equitable principle that he who seeks equity must do equity * * *." 61 C. J., Taxation, § 2008. This rule is supported by statute with some variations and additions. SDC 57.0902. This statute requires that the person seeking relief of this kind must plead any invalidity of the tax which he claims goes to its base or legal existence, and he must state in his pleadings the amount of the tax, if any, which he concedes to be due. He is obligated to tender the latter amount only, in his pleadings. If an opposing party who claims an interest in the tax or the property accepts all or part of the amount so tendered, the person seeking relief must deposit the amount so accepted in the office of the county treasurer within ten days to be held subject to the final judgment of the court. The court next determines any questions of invalidity which may be presented by the pleadings. If there are disputed

taxes and if such disputed taxes are found to be legal, the court orders the deposit of the amount due. If any disputed taxes are found to be invalid for any of the reasons stated in the statute, the court may order a reassessment, recalculation, or any other correction necessary to establish valid taxes to replace those found to be invalid, and then directs the deposit of a sum sufficient to pay them. Failure to make the deposit as ordered by the court is ground for dismissal of the action on the merits as against the party seeking to set aside the tax title. If the required deposit has been made, the action proceeds to trial and decision on the merits. Deposit of the taxes due the county is made a condition precedent to a judgment setting aside the tax deed. The statute also provides that the court shall "adjudge that such county pay to the parties entitled thereto such sum as it may find to be due, which sum shall not in any event exceed the amount which the county may have orginally received from the tax collection or proceeding and six per cent interest thereon from such date." SDC 57.0902.

Appellant has conceded in this case that all taxes on these lots from 1911 to 1945, inclusive, are valid, and are due with interest and penalties amounting in all to $390.08.

█ This court said in the case of Clark v. Darlington, 11 S. D. 418, 78 N. W. 997, 998: "It has been the policy of the people of this state and of the former territory to require the payment of taxes on all real property subject to taxation, and hence they have provided that, whenever any action or proceeding shall be commenced to invalidate or cancel any deed or grant for taxes, it shall be the duty of the court to ascertain the true and correct amount of taxes due upon such property, and render judgment therefor." In Pettigrew v. Moody County, 17 S. D. 275, 96 N. W. 94, 95, this court approved the following principle applicable to this class of cases: "Relief can be granted only upon condition that the plaintiff pay the just amount of taxes for which his property is liable, and that such a judgment in no manner depends upon a request therefor by either party, because the statute was enacted for the protection of the public revenue, and is mandatory in the requirement that 'the true

and just amount of taxes due upon such property or by such person must be ascertained, and judgment must be rendered and given therefor against the taxpayer'." These principles of the law were not changed by SDC 57.0902. Lasell v. Yankton County, 67 S. D. 507, 295 N. W. 283.

These same issues were presented to this court in Doling v. Hyde County, 70 S. D. 339, 17 N. W. 2d 693, 694. In that case the circuit court by its decision required that the owner deposit the amount of the unpaid taxes with penalties and interest, and directed the application of the funds so deposited to reimbursement of the purchaser and payment of taxes. The opinion in that case quotes a large part of SDC 57.0902 and says: "According to the provisions of the above statute, Doling (the owner) was liable to the county for the taxes due on the property amounting to $141.88, to be paid out of the deposit." The taxes referred to included those for which the property had been sold to the county. The court said further: "Melbourn paid $160 to the county for a deed to the land but obtained no title. Consequently he is entitled to a refund of his money. This is the substance and effect of the decision of the circuit court." The decision of the circuit court was affirmed.

 There is no privity between the holder of the fee and the person who claims a tax title to land. Baird v. Stubbins, 58 N. D. 351, 226 N. W. 529,65 A. L. R. 1009; Hussman v. Durham, 165 U. S. 144, 17 S. Ct. 253, 41 L.Ed. 664. When an individual purchases property at tax sale or purchases an assignment of a certificate of tax sale, the tax lien represented by the certificate passes to him, and the county has no further interest in such taxes. When such holder takes a tax deed which is found to be void, disbursement of deposited funds is made to him. That is not the situation here. In this case the county purchased the property at the tax sale and took the tax deed. It then sold the property to the Parrishes and executed a conveyance to them. That conveyance vested in the purchasers only such right, title and interest as the county had in such property. Ch. 25, § 4(f), S. L. 1939. Since the tax deed was void the deed to Parrishes conveyed nothing, not even the tax lien

held by the county. Coughlin v. City of Pierre, 66 S. D. 523, 286 N. W. 877. Neither did the county lose the lien for the taxes by buying the land at such tax sale. Rochford v. Fleming, 10 S. D. 24, 71 N. W. 317. In this case the owner was therefore liable to the county for the taxes due, and the deposit as payment of such taxes was a condition precedent to a decree quieting title to the lots. The purchaser had the right to reimbursement out of the deposit or otherwise, for the consideration paid by him for the property, with interest, and he was the only person who could assert that right.

The decision of the circuit court requiring appellant to pay all taxes, interest and penalties as a condition precedent to the entry of judgment quieting the title in appellant, is affirmed.

ROBERTS and HAYES, JJ., concur.
RUDOLPH, J., concurs specially.
SMITH, J., concurs in the result.

RUDOLPH, J., (concurring specially).
As I view this case there is just one issue involved, that is, whether the payment required by the court should have been $80, the purchase price paid the county, or $390.08, the amount of the taxes, penalty and interest. The deed from the county to the purchaser did not transfer the original tax lien held by the county. Coughlin v. City of Pierre, 66 S. D. 523, 286 N. W. 877. The county still holding the original lien and being a party to this proceeding, it follows that the payment required should be the amount of the taxes, penalty and interest which amounts to $390.08. Lasell v. Yankton County, 67 S. D. 507, 295 N. W. 283; Beadle County v. Hinkley, 69 S. D. 381, 10 N. W.2d 757.; Doling v. Hyde County, 70 S. D. 339, 17 N. W.2d 693.