## ROBERT KNOLL v. CHARLES COOK AND ANOTHER.

216 N. W. 2d 691.

March 29, 1974—No. 44358.

*Joseph J. Grill,* for relators.
*Michael J. Garvey, Jr.,* for respondent.

Heard before Sheran, C. J., and Otis, Scott, and Knutson, JJ., and considered and decided by the court.

KNUTSON, JUSTICE.*
Certiorari on the relation of an employer and his insurer to

*Retired Chief Justice acting pursuant to Minn. St. 2.724.

review a decision of the Workmen's Compensation Commission. The following facts have been stipulated:

"That at all times material herein Robert F. Knoll was a high school student, residing with his parents in St. Paul Park, Minnesota, and part time employee of Charles F. Cook, St. Paul Park, Minnesota, under a Minnesota Contract of Hire, working as helper on a local sanitation route. That he worked a six day, 18 hour week from 4 to 6 P.M. daily, Monday through Friday, and 7 A.M. to 3 P.M. on Saturdays, commencing Monday, April 20, 1970, at a wage rate of $2.50 per hour with gross earnings of $45.00 per week. That he was born on December 14, 1953 and was a minor under the age of 17 years on April 25, 1970, the date of his injury. That the liability of Charles F. Cook, employer under the Workmen's Compensation Law of Minnesota was insured by the Travelers Insurance Company of Hartford, Connecticut.

"That on April 25, 1970 Robert F. Knoll sustained a crushing injury to his left hand, arising out of and in the course of his employment with Charles F. Cook, when while working on a sanitation route in Cottage Grove, Minnesota, attempting to dislodge a piece of wood stuck in the sanitation truck hopper, his left hand got caught between the hopper blade and the bottom of the hopper.

"That said employer had immediate knowledge of said injury.

"That as a result of said personal injury Robert F. Knoll was disabled from his employment for ten weeks and one day from April 25, 1970 to his return to work July 6, 1970 for which period he has been paid by the employer and insurer full wages for one day, April 25, 1970, and ten weeks healing period from April 27 to July 6, 1970 at the rate of $30.00 per week in the sum of $300.00. That for the cure and relief from the effects of said injury, and the treatment relative thereto, he has incurred hospital, surgical and medical expense in the sum of $1,088.85 with St. Paul Ramsey Hospital, $60.60 with Midway Hospital and $141.00 with Dr. Wayne W. Thompson, all of St. Paul, Minnesota, all of

which expense has been paid by the employer and insurer. That as a result of said personal injury Robert F. Knoll has sustained a 10% permanent partial disability to his left hand, as determined by Dr. Wayne W. Thompson, for which he has been paid 19.5 weeks compensation permanent partial disability benefit by said employer and insurer at the maximum weekly rate of $63.00 in the sum of $1,228.50, and that the employer and insurer have paid $49.14 at the rate of 4% to the Workmen's Compensation Commission of Minnesota for the benefit of the Special Compensation Fund.

"That at all times material herein Charles F. Cook operated a sanitation business as an individual proprietorship and had no adult full time employees below the rank of superintendent or general foreman in his employ. That adult full time employees below the rank of superintendent or general foreman employed in the sanitation business with Beermann Services, Inver Grove Heights, Minnesota, normally worked 38 to 44 hours per week at average weekly wages of $125.00 to $150.00, and 45 hours per week with Haul-A-Way Systems, Inc., St. Paul, Minnesota, at average weekly earnings of $162.00 during the time of said employee's injury. That the average weekly wage paid full time adult journeyman workers below the rank of superintendent or general foreman in the sanitation industry in which Robert F. Knoll was employed at the time of his injury was in excess of $105.00 per week such as to support a maximum weekly compensation rate of $70.00 for total disability and 63.00 for partial disability."

At the time when the injury took place, Minn. St. 1969, § 176.101, subd. 7, provided:

"If any employee entitled to the benefit of this chapter is a minor or is an apprentice of any age and sustains injuries due to an accident arising out of and in the course of employment resulting in permanent total or permanent partial disability, for the purpose of computing the compensation to which he is en-

titled, the weekly earnings shall be the weekly earnings which such minor or apprentice would probably earn after arriving at legal age or completing the apprenticeship, if uninjured, which probable earnings shall be approximately the average earnings of adult journeymen workers of the same sex below the rank of superintendent or general foremen in the department of the plant or industry in which the minor or apprentice was employed at the time of injury."

The only question presented here is whether, in the event of personal injury to a minor employee or an apprentice of any age, Minn. St. 1969, § 176.101, subd. 7, applies to the payment of weekly disability benefit for temporary total disability during the healing period, as well as for permanent total or permanent partial disability, for the purpose of computing the money benefit to which he is entitled in excess of treatment expense.

The precise question presented in this case was considered and determined adversely to the contentions of relators in Hanson v. Hayes, 225 Minn. 48, 29 N. W. 2d 473 (1947). We are now asked to reconsider the interpretation of the statutory provision involved and to overrule Hanson. Relators concede that unless that decision is overruled, they cannot prevail here. The decision has stood since 1947. In the interim the legislature met on several occasions.[1] We are not persuaded that we should overrule Hanson. We agree with the compensation judge that if any change is now to be made, it should come from the legislature.

Affirmed.

---

[1] L. 1971, c. 422, § 2, amended § 176.101, subd. 7, but has no application here.